151 So.2d 216

**STATE of Alabama**

**v.**

**SOUTHERN ELECTRIC GENERATING COMPANY.**

**3 Div. 2.**

Supreme Court of Alabama.

March 14, 1963.

MacDonald Gallion, Atty. Gen., and Herbert I. Burson, Jr., Asst. Atty. Gen., for appellant.

Steiner, Crum & Baker, Montgomery, and Martin, Vogtle, Balch & Bingham, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from a final decree setting aside an attempted assessment of license tax by the State Department of Revenue under the provisions of Tit. 51, § 178, Code 1940, against Southern Electric Generating Co., hereinafter called SEGCO.

The pertinent part of Tit. 51, § 178, provides: "Each person, firm or corporation operating an electric or hydroelectric public utility shall pay to the state a license tax equal to four mills on each dollar of gross receipts of such public utility for the preceding year. * * *" This statute was enacted in 1935 and was codified without change in the 1940 Code.

SEGCO is an Alabama corporation qualified as a public utility. It is owned one-half by Alabama Power Company and one-half by Georgia Power Company. Each of its owners purchased one-half of the electric power which it generates at its plant at Wilsonville. SEGCO owns the transmis-sion lines extending from its substation to the Alabama-Georgia line, commencing at the state line. Georgia Power Company owns the transmission lines and title to the electricity purchased by the Georgia Power Company at the state line. SEGCO has only two customers, Alabama Power Company and Georgia Power Company.

When the statute was enacted in 1935, Alabama Power Company was then the only utility to which the statute applied. Alabama Power Company was selling electricity to Georgia Power Company, and Alabama Power Company asked the State Tax Commission if the statute applied to sales to Georgia Power Company. On March 18, 1936, the State Tax Commisssion ruled: "It is the opinion of the commission that electric current sold outside the state and current sold to the United States Government is not subject to the four mill gross receipts tax under Revenue Acts of 1927 or Revenue Acts of 1935."

In 1942, the State Commissioner of Revenue requested an opinion of the Attorney General as to this question and the Attorney General ruled that sales to Georgia Power Company should not be included in the measure of the license tax. The Department has followed this ruling up until it levied the tax on the amount of current sold to Georgia Power Company in 1960.

The State contends that the language of the statute is clear and unambiguous, that it places a tax on the gross receipts of the public utility, that the sale of electricity to Georgia Power Company is part of its gross receipts and, therefore, is taxable.

Appellee defended, both in circuit court and here, on the grounds that, (1) the administrative ruling for twenty-five years had been that the tax did not apply to out of state sales, and (2) application of the statute to out of state sales is prohibited by the Commerce Clause of the Constitution of the United States.

In State v. Birmingham Rail & Locomotive Co., 259 Ala. 443, 66 So.2d 884, the administrative construction of a tax law had

been in effect from 1937 to 1949, and this court said:

"It is an established rule of statutory construction that when a tax statute has been construed by the highest officials charged with the duty of administrating the tax laws, such construction should be given favorable consideration by the courts, especially if such construction has stood unchallenged for a considerable time. State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 485, 161 So. 530, 99 A.L.R. 1019. And the weight to be given an administrative interpretation is increased when the legislature, in re-enacting the law, fails to indicate in any way its disapproval of the settled administrative construction. As held, in State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 153, 142 So. 46, 47, the re-enactment, without change, of a statute which has been given a uniform construction by the administrative department 'may be treated as a legislative approval of the departmental construction of the statute, quite as persuasive as the re-enactment of a statute, which has been judicially construed.' * * *"

In State v. Helburn Co., 269 Ala. 164, 111 So.2d 912, we said:

"The administrative construction given by the highest officials charged with the duty of administering tax laws, while not binding on the State, is to be considered in the interpretation of a statute which has not been interpreted by the courts. State v. Advertiser Co., 257 Ala. 423, 59 So.2d 576; Cole v. Gullatt, 241 Ala. 669, 4 So.2d 412. Cf. Merriwether v. State, supra. (252 Ala. 590, 42 So.2d 465, 11 A.L.R.2d 918).

"Subdivision (j) deals with coverage, not with an exemption, and, hence, it should be construed strictly against the taxing power and with favor indulged toward the taxpayer. (Citing cases).

"In view of the history of Subdivision (j), the construction placed on it for almost ten years by the State Department of Revenue and the rule that it must be strictly construed against the taxing power, we hold that it is not authority for the imposition of a sales tax on Helburn based on the equipment furnished by Helburn in performing the contracts here involved, and that the trial court correctly vacated and set aside the part of the assessment based thereon. * * *"

In Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507, although not a tax case, we said:

"The interpretation by the Attorney General and popular interpretation as exemplified in practice for a number of years will be given weight as a factor in judicial construction of a statute, where its meaning is doubtful. (Citing cases). * * *"

We cannot agree with appellant's argument that the statute is clear and unambiguous when applied to the facts before us. There was enough doubt to cause the Alabama Power Company to ask the State Tax Commission for an opinion immediately after the statute was enacted in 1935. There was still enough doubt for the State Commissioner of Revenue to request an opinion from the Attorney General in 1942. The State, in its answer, said the very fact that the Attorney General was requested to give an opinion "indicates that the matter was open to dispute * * *." We think it both fitting and necessary that we consider the administrative construction of the statute in this case.

For twenty-five years, the highest officials charged with the duty of administering § 178 have construed the statute as not including interstate sales of electricity. The Legislature has met many times since 1935, including sessions before and after the statute was codified in the Code of 1940.

Appellant argues that the opinion of the Attorney General in 1942 was incorrect but concedes in brief that the opinion "was consistent with the concept at that time." It would follow that the legislative intention in 1935 was also consistent with the concept at that time and the out of state sales of electricity were not intended to be taxed. We cannot agree that recent and more liberal decisions of the Federal Supreme Court approving state taxation of items in interstate commerce can change the legislative intent of the 1935 Legislature of Alabama and the "concept at that time," which has been uniformly followed by the taxing authority in collecting its taxes until 1961. The power to change a concept of that long standing is in the Legislature.

It follows that the trial court correctly set aside the assessment which was contested by appellee.

In affirming the decree, we are not to be understood as approving or disapproving the following statement in the trial court's finding of fact: "However, the Court is of opinion that if Section 178 were construed to reach gross receipts from these interstate sales, the Commerce Clause would be violated." The trial court had stated in the preceding sentence to the one quoted that it was "not necessary to reach any question of the Commerce Clause of the United States Constitution."

The constitutionality of a law will not be considered on appeal unless essential to the decision of the actual case before the court. Moses v. Tarwater, 257 Ala. 361, 58 So.2d 757; State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So. 294.

Having decided that the State is bound by the administrative construction of twenty-five years, it is not necessary to consider the constitutional question.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.