317 So.2d 317

In re Charles A. BOSWELL, etc.

v.

ABEX CORPORATION, a corp.

Ex parte Charles A. Boswell, as Commissioner of Revenue of The State of Alabama.

SC 1345.

Supreme Court of Alabama.

July 17, 1975.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., B. Frank Loeb, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for petitioner.

Steiner, Crum & Baker and M. R. Nachman, Jr., Montgomery, opposed.

MERRILL, Justice.

Petition of Charles A. Boswell for certiorari to the Court of Civil Appeals to review and revise the judgment and decision of that court in *Boswell, as Commissioner of Revenue of the State of Alabama v. Abex Corporation*, 55 Ala.App. 477, 317 So.2d 314.

Writ denied.

The Circuit Court of Montgomery County issued an alternative writ of mandamus to the Commissioner of Revenue ordering the Commissioner to refund $8,562.00 to the taxpayer. The Commissioner appealed and the Court of Civil Appeals affirmed.

In denying the writ in this case, we do not approve a statement made in the trial court's opinion and adopted by the Court of Civil Appeals. The statement reads:

"* * * Another [rule of statutory construction] is that administrative construction which is fair and reasonable and of long standing is given controlling weight by courts which are called upon to construe the statutes; and courts are not disposed to change this construction simply because the state officials have changed their minds. Only legislatures have this power. *State v. Southern Elec. Gen. Co.,* 274 Ala. 668, 151 So.2d 216; *Hamm v. Consolidated* [sic] *Gin Co.,* 276 Ala. 611, 614–615, 165 So.2d 392; *Haden v. McCarty,* 275 Ala. 76, 152 So.2d 141."

In *Southern Electric Generating Co., supra,* the administrative construction had been the same for 25 years and in *Haden, supra,* for 22 years. This court approved the following in *Hamm, supra*:

"The State, in insisting that the administrative construction has had such effect, relies on the statement appearing in the last paragraph of the opinion in *State v. Southern Electric Generating*

**336**

Co., 274 Ala. 668, 671, 151 So.2d 216, to the effect that the State is 'bound by the administrative construction of twenty-five years.' This expression was considered in the recent case of *International Union of Operating Engineers, Local Union No. 321 (AFL–CIO) v. The Water Works Board of the City of Birmingham*, 276 Ala. 462, 163 So.2d 619, where it was said, viz:

'* * * such administrative rulings having been in force and effect for many years, are highly persuasive authority of the correctness of the rule. *State v. Southern Electric Generating Co.*, 274 Ala. 668, 151 So.2d 216; *Haden v. McCarty*, 275 Ala. 76, 152 So.2d 141. Such administrative construction is neither binding on the State nor its agencies nor on the court. Therefore, the use of the word "bound" in the last paragraph of the opinion in *State v. Southern Electric Generating Co., supra,* was not intended to impinge upon the longstanding rule hereinabove adverted to. *A clearer statement of what was there intended is that where an administrative construction by proper officials is fair and reasonable and has been followed for the prescriptive period of twenty years or longer, the courts are not disposed to alter that construction merely because the highest officials may have changed their minds about the matter under consideration.*" (Emphasis supplied.)

 The correct rule is that an administrative interpretation of the governmental department for a number of years is entitled to favorable consideration by the courts; but this rule of construction is to be laid aside where it seems reasonably certain that the administrator's interpretation has been erroneous and that a different construction is required by the language of the statute. *State v. Wertheimer Bag Co.*, 253 Ala. 124, 43 So.2d 824; *Drennan Motor Co. v. State,* 279 Ala. 383, 185 So.2d 405; *East Brewton Materials,*

*Inc. v. State Department of Revenue,* 45 Ala.App. 584, 233 So.2d 751.

Taxpayers have no vested right to rely upon an erroneous interpretation of the statute exempting them from taxation, and under Section 100 of the Constitution of Alabama of 1901, the taxing authority has no discretion in a matter of this kind. The reason for this rule is that in the assessment and collection of taxes, the State is acting in its governmental capacity and it cannot be estopped with reference to the enforcement of taxes, even when the taxpayer was advised that it was not responsible for a tax. Were this not the rule the taxing officials could waive most of the State's revenue. *State v. Maddox Tractor & Equipment Co.*, 260 Ala. 136, 69 So.2d 426; *Crutcher Dental Supply Co. v. Rabren*, 286 Ala. 686, 246 So.2d 415.

The judgment of the Court of Appeals is correctly bottomed on the opinion in *State v. United States Steel Corp.*, 281 Ala. 553, 206 So.2d 358.

Opinion corrected and writ denied.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.