This appeal is from a final decree, in equity, denying plaintiff's claim for the computation of additional years' service on his claim for longevity. We affirm.
In Jefferson County there is a Personnel Board which was empowered by the legislature to promulgate rules and regulations governing incidents of employment of the employees of Jefferson County and certain municipalities in the county, including the City of Homewood. The Personnel Board was created by Act 248, General Acts of Alabama 1945, p. 376, which created a county-wide Civil Service System. The Act has been amended several times but the rules and regulations of the Personnel Board are binding upon both employers and employees.
There is no dispute as to the facts. Plaintiff Freeman was first employed by Jefferson County as a Deputy Sheriff in October, 1951. He worked in this capacity until the Fall of 1963, at which time he transferred, pursuant to applicable rules of the Personnel Board of Jefferson County, to the City of Homewood, at a similar pay grade and promotion rating. Subsequently, he advanced to the rank of Sergeant in the Homewood Police Department. In 1967, plaintiff transferred back to Jefferson County, again pursuant to applicable Personnel Board rules and legislative enactments, and assumed the position of Deputy *Page 904 
Coroner. In this capacity, plaintiff was accorded pay and grade rating equivalent to a police sergeant. Plaintiff was employed as a Deputy Coroner until 1972 when he was transferred to the new Mercy Hospital (now Cooper Green Hospital) as Senior Security Officer, for practical purposes the director of security for the hospital. At all times since his transfer to Jefferson County, plaintiff has been accorded credit for all prior years of service for the county and with the City of Homewood except in one particular. The exception involves the payment of longevity to county employees during the Fall of each of the years 1972-1975. These represent payments of additional compensation to county employees which, while not mandatory, have come to be routine.
Defendants have refused to pay plaintiff longevity so as to include his prior years' service for the county or the City of Homewood. These same years of prior service have been included with respect to all other incidents of plaintiff's employment including, for example, his: (1) 15-year service pin; (2) salary; (3) promotional status; (4) retirement system monthly payments, benefits, and equalizing contributions to cover those years when plaintiff was not contributing to the retirement system; (5) vacation, and (6) sick leave.
On October 2, 1973, the Jefferson County Commission passed a resolution authorizing longevity pay, which would be calculated on the annual base salary as of October 1, 1972.
The single legal question presented on this appeal is whether the first sentence of § 5 of the resolution, quoted post, is effective. Section 5 provides:
 "Longevity time will be computed on total uninterrupted full-time employment service with Jefferson County, Alabama. Leaves of absence approved by the Personnel Director shall not be construed as an uninterruption of time. Absences without leave, layoffs and suspensions without pay will not be considered in computing total longevity time."
The trial court held, in part, that "In the computation of County longevity pay for the Plaintiff and other civil service County employees only uninterrupted full-time service with the County is considered." This was based on the fact (conceded by both sides) that neither the Homewood service nor the prior county service was uninterrupted county service.
Freeman contends that the denial of longevity for the Homewood service and his prior county service is in conflict with some Personnel Board rules and regulations. We cannot agree. None of those rules or regulations cited in brief deal with the subject of longevity. Since the Civil Service rules do not touch on longevity, it is difficult to agree that there is a conflict.
It is reasonable that the county would like to keep as many employees as possible on "uninterrupted full-time employment service with Jefferson County"; and that longevity would be computed on that total uninterrupted service.
Freeman originally worked for the county. He was transferred to Homewood and he worked there for four years. This constituted an interruption of his county service. The transfer could not, under Personnel Board rules, be effected without the consent of "both appointing authorities concerned," § 665. The base pay, seniority, vacation, sick leave and over-time leave rights that may have accrued went with the employee to his new position, but there is no mention of longevity.
Freeman concedes in brief that "At the time of passage of the 1972 Resolution a request was made by certain employees that the Commission include previous classified service with Jefferson County and municipalities subject to the Jefferson County Personnel Board Act."
Federal cases support the rule that the rejection of an Amendment by the *Page 905 
Congress which would have made the statute applicable to a given situation furnishes a strong inference that the statute was not intended to be applicable to that given situation.United States v. Pfitsch, 41 S. Ct. 569, 256 U.S. 547,65 L.Ed. 1084 (1921); United States v. Great Northern R. Co.,287 U.S. 144, 53 S.Ct. 28, 77 L.Ed. 223 (1932); Norwegian NitrogenProducts Co. v. United States, 288 U.S. 294, 53 S.Ct. 350,77 L.Ed. 796 (1933), and Madden v. Brotherhood Union of TransitEmployees of Baltimore, 147 F.2d 439 (4th Cir. 1945). The fact that the Commission was requested to amend the resolution to effect the same result as plaintiff has sought in this suit is very persuasive that the Commission did not choose to recognize interrupted service in the computation of longevity.
We have said that while a legislative construction of a constitutional provision cannot be accepted as final by the judiciary, yet it is justly influential when the provision is of doubtful meaning or effect, and this legislative interpretation of the provision has not been questioned, has been acquiesced in, and acted upon for a considerable period.Board of Revenue of Jefferson County v. Huey, 195 Ala. 83,70 So. 744. This statement was followed in Opinion of theJustices, 247 Ala. 195, 23 So.2d 505.
We note that the County and Personnel Board have continuously and consistently excluded a county employee's prior county service and city service since the enactment of the longevity resolution in administering the resolution. This administrative interpretation, while not binding on this court, will be considered and given weight by this court. State v. SouthernElectric Generating Co., 274 Ala. 668, 151 So.2d 216; Jones v.Phillips, 279 Ala. 354, 185 So.2d 378.
AFFIRMED.
HEFLIN, C.J., and MADDOX, JONES and SHORES, JJ., concur.