WRIGHT, Presiding Judge.
This is a tax case. The State of Alabama appeals from a judgment of the trial court setting aside assessments of gross receipts tax against the Louisville and Nashville Railroad Company (L&N) for the years 1974, 1975 and 1976 and ordering a refund of gross receipts tax paid by L&N for the years 1972 and 1973.
The gross receipts tax which the State seeks to collect is authorized by § 40-21-57, Code of Alabama (1975) which reads in pertinent part as follows:
§ 40-21-57. Railroads. In addition to all other taxes imposed by this title, there is hereby levied a license or privilege tax upon each person engaged in the business of operating a railroad in the state of Alabama for the privilege of engaging in such business; ... and shall be in a sum equal to two and one-half percent of the gross receipts in excess of $150,000.00 of *289 such railroad from all intrastate business of such railroad within the state of Alabama during the preceding year, the gross intrastate earning to be determined by the amount received from intrastate business.
The only issue presented by this appeal is whether gross receipts by L&N from certain transportation movements were receipts from “intrastate business” within the meaning of § 40-21-57. The movements involved are export and import movements through the Port of Mobile, Alabama.
An export movement is a shipment delivered to L&N at a point within the state of Alabama for transport to the Alabama State Docks in Mobile. L&N transports the shipment in its cars to an interchange track at the Port of Mobile. The Alabama State Docks Terminal then switches the car to a shipside track; shipment is unloaded from the car and loaded on the ship for export; and the Terminal Company returns the empty car to the interchange track.
On a typical import shipment L&N furnishes to the Alabama State Docks a supply of empty cars which are switched to a ship-side track for loading of imported goods. When loaded the cars are moved by the Terminal Company to the interchange track where they are picked up by L&N for delivery to a point within the state of Alabama. In all transactions sought to be taxed L&N’s transportation obligation is to transport goods between the Port of Mobile and other points within the state of Alabama.
L&N contends the trial court was correct in finding that these shipments were in “interstate or foreign commerce” and that its revenues derived from transporting these shipments were not gross receipts from “intrastate business” within the meaning of § 40-21-57. In support of this contention L&N cites a number of cases which characterize similar movements as interstate or foreign commerce. Under the facts of this case we do not consider a determination that the goods involved are moving in interstate or foreign commerce to be controlling. The tax authorized by § 40-21-57 is placed upon the revenue generated by L&N’s business not upon the goods themselves. The issue as we see it is whether the movement of those goods by L&N between points within the state of Alabama constitutes “intrastate business.”
Absent any indication to the contrary, the words of a statute should be given their plain everyday meaning. Guthrie v. Civil Service Board of City of Jasper, 342 So.2d 372 (Ala.Civ.App.1977). “Intrastate” means within a state. Webster’s Third New International Dictionary 1186 (1971). Thus “intrastate business” is business conducted within a state. The busi ness of L&N is the transportation of goods. Under the plain wording of the statute, the transportation of goods between points within the state of Alabama would constitute “intrastate business.” It is undisputed that all movements which are sought to be taxed are between points within the state of Alabama. L&N seeks to apply the terms “intrastate business” and “intrastate earnings” used in the statute, as antonyms to “interstate commerce.” Such application is not appropriate. It is evident from the cases cited by L&N[1] that a business may be operated and its gross receipts earned wholly intrastate (that is within the boundaries of a state) yet be involved wholly in interstate commerce. We find that the L&N in transporting goods and materials as described by the stipulations in this case within the boundaries of the state of Alabama is conducting intrastate business and that the gross receipts therefrom are “intrastate earnings,” even though such transporting is a part of a shipment moving in interstate or foreign commerce. We further find that such is subject to the tax imposed by § 40-21-57.
L&N next argues that the State is bound by a longstanding administrative *290 construction of the statute. L&N contends that the State has not previously sought to collect the gross receipts tax on export and import shipments and that the failure to collect the tax evidences an administrative construction of the statute as not including shipments of this type. L&N cites State v. Southern Electric Generating Co., 274 Ala. 668, 151 So.2d 216 (1963) as controlling precedent. We do not find it to be so. In Southern Electric the administrative construction relied upon by the taxpayer was evidenced by a written opinion of the State Tax Commission and a subsequent opinion by the attorney general. There have been no such rulings, opinions or construction in this case. The testimony showed there had been no audits made of the returns of any railroad subject to the tax and that the State Department of Revenue had assumed the returns to include the designated transactions.
The failure of the State to attempt to collect a tax does not establish a precedent nor constitute an administrative ruling or interpretation absent a formal ruling or order. Morgan v. State, 280 Ala. 414, 194 So.2d 820 (1967); State v. Advertiser Co., 257 Ala. 423, 59 So.2d 576 (1952). There being no such ruling here, the State is not bound by any previous administrative construction.
The trial court’s judgment setting aside the assessments under § 40-21-57 for the years 1974, 1975 and 1976 and ordering a refund of the tax paid for the years 1972 and 1973 is reversed.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.

. Department of Revenue of State of Washington v. Association of Washington Stevedoring Companies, 435 U.S. 734, 98 S.Ct. 1388, 55 L.Ed.2d 682 (1978); Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977); United States v. Yellow Cab Co., 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010 (1947).