The trial court denied the landowner's petition for writ of mandamus in which he asked the court to order the City Planning Commission to issue its approval of a small resubdivision as defined by the Commission's regulations. He then appealed. We reverse and remand.
The issue presented on this appeal is controlled by our holding in Smith v. City of Mobile, 374 So.2d 305 (1979). There, we held that the reason assigned by the City Planning Commission in denying Smith's proposed resubdivision was an invalid reason and exceeded the authority vested in the Commission by the legislature. There, the Commission disapproved the proposal because "it was out of character with other lots in the area." In this case, Sigler's application was similarly denied on at least three separate occasions.
The question here is whether Sigler should be required to resubmit his proposed plan to the Planning Commission for reconsideration in view of our holding in Smith, as the Planning Commission contends, or whether he is entitled to a writ of mandamus directing the Planning Commission to approve his plan, as he contends.
As was pointed out in Smith, the Planning Commission has only such authority as has been specifically delegated to it by the legislature. In passing judgment on a landowner's proposed subdivision, it must assign its reasons for denial within thirty (30) days. If it does not do so, approval is automatic under the statute. An invalid reason is equivalent to no reason; thus, under the statute, the proposed plan is "deemed approved."
When government restricts the use to which one may put his property, due process requires that notice of such restrictions be afforded the landowner. In denying a proposed subdivision, the Planning Commission is bound by its own regulations. Under those regulations, a proposal may not be denied approval because it is "out of character with the neighborhood."
We are, of course, sympathetic with neighbors who would preserve the neighborhood as it is, and appreciate their desire to protect the aesthetic quality of the area. However, these are concerns which should be directed to the zoning authorities or some other appropriate agency. They cannot be the basis for denying a property owner the right to divide his property so long as he complies with the controlling law and regulations. Sigler has done that and the Planning Commission has denied approval of his proposals time after time, each time assigning as the reason an invalid one. If that were permitted by the statute, the process would be endless. The legislature avoided that dilemma by mandating approval unless the proposal was denied and a valid reason assigned justifying the denial within thirty (30) days.
On the record before us, it is clear that Sigler is entitled to have his proposal to divide Lot 2, Roe Property, into two (2) lots (as depicted by Exhibit 51 introduced below), approved. *Page 815 
The judgment of the trial court denying Sigler's petition for writ of mandamus is reversed, and the cause remanded for the entry of a judgment consistent herewith.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, EMBRY and BEATTY, JJ., concur.