The Planning Commission of the City of Montgomery (planning commission) on two separate occasions disapproved a subdivision plat of the Sadies' (owners) property. In neither instance were the grounds for the disapproval of the plat stated in the records of the planning commission. The last denial by the planning commission occurred on January 4, 1986. On March 3, 1986, the owners' written demand was made for a certificate of approval from the planning commission. Their demand was based upon the mandate of Ala. Code (1975), §11-52-32 (1985 Repl.Vol.), which requires a planning commission to state in its record within thirty days of the date of submission of the plat its grounds for disapproving the plat, and, if it is not so stated in such records within that period of time, a certificate of approval shall be issued by the planning commission on demand. Sigler v. City of Mobile,387 So.2d 813 (Ala. 1980); Boulder Corp. v. Vann, 345 So.2d 272,276 (Ala. 1977).
That demand was denied, and the owners petitioned the circuit court for a writ of mandamus to compel the planning commission to approve their plat. The only testimony, which was presented ore tenus to the trial court, was the testimony of one witness for the planning commission. The learned trial court determined that the owners are entitled as a matter of law to have the grounds for disapproval of the plat to be stated in the records of the planning commission; that for many years the planning commission had interpreted Act 350 of the 1971 Acts of the Regular Session of the Alabama Legislature (Act 350) as not to require that its records disclose the grounds for its disapproval; and that the actions of the planning commission were not arbitrary or unreasonable in light of its long-standing administrative interpretation of Act 350. The trial court then decided that the interest of justice would be best served by remanding the matter to the planning commission for an entirely new proceeding, and it was so ordered. The owners appealed.
While the final judgment was entered on September 10, 1987, it was fourteen months later before this appeal was submitted to this court for our consideration.
The dispositive issue is whether the planning commission's action in not stating in its records within the specified time the grounds for its disapproval of the owners' subdivision plat can be upheld because of its twenty-five year interpretation that it was not required to so state its grounds of disapproval under the provisions of Act 350.
The testimony of the Director of the Planning Controls Division of the City of Montgomery was to the effect that at no time within thirty days of either of the submissions of the owners' plat to the planning commission did its records contain any reason for its action in denying its approval of the plat. The omissions of such reasons were occasioned by the interpretation of two legislative acts by the planning commission. The provisions of a 1961 act of the legislature were reenacted by Act 350, which replaced the 1961 act. Both acts required that the planning commission of cities within certain population limits vote in executive session. 1971 Ala. Acts 350, § 6. The City of Montgomery fell within that population spread and Act 350 applied to it. Because of the executive session provisions of the two acts, the planning commission interpreted it to mean that "the only thing that comes out of the executive meeting is the decision and not the discussion or anything that comes up in that meeting."
Act 350 contains no specific requirement as to whether the planning commission's record must, or need not, state the reason for a plat being disapproved. However, section 3 of Act 350 imposed upon the Montgomery planning commission the general provisions of the Code of Alabama which applied and pertained to planning commissions "except as otherwise provided by this Act." 1971 Ala. Acts 350, § 3. One of those general provisions is now codified as § 11-52-32, which in pertinent part is as follows: *Page 1068 
 "The planning commission shall approve or disapprove a plat within 30 days after the submission thereof to it; otherwise, such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by the commission on demand; provided, however, that the applicant for the commission's approval may waive this requirement and consent to an extension of such period. The ground of disapproval of any plat shall be stated upon the records of the commission."
That code section, as interpreted by Boulder and Sigler, requires that the grounds for the disapproval of any plat shall be stated upon the records of the planning commission within thirty days of the submission of the plat and that, if the planning commission fails to do so within that specified period of time, the owner of the property has a clear legal right to a certificate of approval of the plat from the planning commission.
A long-standing interpretation of a statute by the governmental agency that must operate under and enforce the statute is entitled to great weight and favorable consideration by the courts. Hulcher v. Taunton, 388 So.2d 1203
(Ala. 1980); Owen v. West Alabama Butane Co., 278 Ala. 406,178 So.2d 636 (1965).
 "While defendant's assertion is true that reenactment of a statute without material change may be considered as legislative approval of departmental construction, such construction nonetheless is not binding upon a court. Haden v. McCarty, 275 Ala. 76, 79, 152 So.2d 141, 143 (1963). An administrative interpretation of long standing is normally entitled to favorable consideration by the courts, but '. . . this rule of construction is to be laid aside where it seems reasonably certain that the administrator's interpretation has been erroneous and that a different construction is required by the language of the statute.' Boswell v. Abex Corp., 294 Ala. 334, 336, 317 So.2d 317, 318 (1975)."
Sand Mountain Bank v. Albertville National Bank, 442 So.2d 13,18 (Ala. 1983).
In the case sub judice, the learned trial court expressly found that the owners were "entitled as a matter of law to have the grounds for disapproval of the subdivision stated in the records of the Planning Commission." We fully agree, but add thereto "within thirty days of the date of submission."Boulder, 345 So.2d at 276. That holding of the trial court is distinctly opposed to the planning commission's interpretation upon that issue. The planning board's interpretation was erroneous, and a different construction is required by §11-52-32, Boulder, and Sigler. Consequently, the long-standing administrative interpretation is not entitled to any weight or to any favorable consideration, and the learned trial court erred in holding that the failure of the planning commission to state in its record the grounds for its disapproval of the plat was not arbitrary or unreasonable in light of its interpretation of Act 350. Sand Mountain Bank, 442 So.2d 13.
As in Boulder and Sigler, the owners showed a clear legal right to a certificate of approval of their plat since the planning commission disapproved the plat without stating in its record the grounds for doing so within thirty days of the plat's submission. The judgment of the trial court is reversed, and this case is remanded for the entry of a judgment which shall grant the writ of mandamus and shall order the defendants to issue a certificate to the effect that the owners' plat as submitted to the planning commission is approved.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 1069