YATES, Judge.
This is a use tax assessment case. The Alabama Department of Revenue (Department) assessed state use tax against Stauffer Chemical Corporation. The assessment was affirmed by the Department’s administrative law judge. The trial court affirmed this decision. We likewise affirm.
Two issues were presented for our review: whether Stauffer should be exempt from a use tax; and whether the imposition of the use tax on out-of-state purchases is an unconstitutional discrimination against interstate commerce. We find that the latter issue is not preserved for our review.
As to the first issue presented, the trial court’s order succinctly sets out the facts, which are undisputed, and it resolved the legal issue correctly. We adopt the trial court’s order as the opinion of this court.

“FINDING OF FACT

“The State of Alabama Department of Revenue (‘Department’) assessed State use tax against Stauffer Chemical Corporation (‘Taxpayer’) for the period June 1, 1984 through June 30, 1987. The Taxpayer appealed to the Administrative Law Division and the matter was submitted for a decision based on a joint stipulation of facts as well as arguments presented by the parties.
“The Taxpayer manufactures for sale the chemical compound known as thiophe-nol at its Cold Creek Organics plant in Bucks, Alabama. Iodine is used as a catalyst and chlorine is used as an injectant in the manufacture of thiophenol. The issue in the administrative law hearing as well as in this appeal is whether the iodine and chlorine become an ingredient or component part of thiophenol so that its purchase constitutes a nontaxable wholesale sale pursuant to Code of Alabama 1975, § 40-23-60(4)(b).
“The parties to this action as well as the testimony of Taxpayer’s expert witness agree that both iodine and chlorine are necessary and essential for the reaction process in the manufacture of thiophenol. By the same token the parties and Taxpayer’s expert witness agree that iodine and chlorine are not intended to remain and do not remain in discernible amounts in the finished product, i.e., thiophenol.
“For reasons set forth below, it is the decision of this Court that the Administrative Law Judge was correct in its Order of September 18, 1990 and that the iodine and chlorine in issue are not exempt from use tax pursuant to § 40-23-60(4)(b) but rather should be taxed at the reduced machine rate levied at § 40-23-61(b).

“CONCLUSIONS OF LAW

“Prior to 1981, the sales tax law and the use tax law both contained identical ‘ingredient or component part’ provisions which defined a wholesale sale. This was defined as a sale of property ‘to a manufacturer or compounder which enters into and becomes an ingredient or component part of the tangible personal property manufac *899 tured for sale[’]. The ‘ingredient or component part’ test for both sales and use tax purposes was whether ‘any part of a product purchased by a manufacturer is intended to remain and does remain in the manufacturer’s finished product.’ Boswell v. General Oils Inc., 368 So.2d 27; Robertson and Associates Inc. [Ala.] v. Boswell, 361 So.2d 1070.
“In 1981, the Alabama Legislature passed Act No. 81-696 which amended § 40-23-l(a)(9)(b), i.e., the sales tax definition which basically did away with the intent provision of the exemption. However, the 1981 amendment changed the sales tax provision only as the use tax provision § 40-23-60(4)(b) was not amended. Therefore, due to the legislative intent, for use tax purposes, the General Oils test still applies and property is exempt as an ingredient or component part only if it is intended to remain and does in fact remain as part of the finished product.
“Even if one were to assume that the Legislature also intended to amend § 40-23 — 60(4)(b) so as to conform to the amended sales tax version of § 40 — 23—1(a)(9)(b), the Taxpayer does not qualify for this exemption. The amended sales tax provision only eliminated the ‘intent’ provision. However, the definition retained the requirement that the materials remain in the finished product. Under the amended sales tax definition, to be exempt from taxation those materials used in the reaction process must still meet the threshold test of becoming an ingredient or component part of the finished product. Taxpayer has previously stipulated that the use of iodine and chlorine in the manufacture of thiophenol do not remain in the thiophenol and thus, even under the sales tax definition cannot be exempt as an ingredient or component part. See also Department Regulation 810-6-1.80(2).
“It is therefore the Order and Judgment of this Court that the Final Order of the Chief Administrative Law Judge dated September 18, 1990 is due to be and is hereby upheld and that Taxpayers are not entitled to an exemption in their use of iodine and chlorine in the manufacture and production of thiophenol. The costs of this action are hereby taxed against Taxpayer, Stauffer Chemical Company.
“s/ Eugene W. Reese
“Circuit Judge”
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.