INGRAM, Presiding Judge.
Henry Frazer (developer) sought approval from the Montgomery City Planning Commission (commission) for the resubdivision of certain property. The commission denied approval, and the developer filed a petition for a writ of mandamus in the circuit court to compel the commission to issue a certificate of approval. Following an ore tenus proceeding, the trial court *328 denied the petition, and the developer appeals.
The record, in pertinent part, reveals the following facts: The property at issue in the present appeal is located in the Bell Estates subdivision in the eastern part of Montgomery, Alabama. The subdivision consists of 13 lots, all of which are at least five acres in size. At present, each of the eleven developed lots in the subdivision has one single-family residence per five-acre lot.
The land comprising the subdivision was originally part of an 81-acre tract purchased on May 19, 1965, by Hoyt Henley and E.N. Leary from the Oliver Estate, Inc. The deed from the Oliver Estate to Henley and Leary contained a provision that, for a period of 15 years from the date of the transfer, the property was not to be sold or subdivided in parcels of less than five acres each, and that only one single-family residence could be erected on each parcel of five acres or more.
In 1988, the developer submitted to the commission for approval a proposed plat of resubdivision of the lot he owns in Bell Estates. The proposal called for subdividing the subject property into four lots, ranging in size from 1.3 acres to almost two acres. A hearing concerning the proposal was conducted by the commission, at which time evidence was presented on behalf of all interested parties.
Following the hearing, the commission denied approval of the developer’s proposed plat, stating the following reasons as grounds for its disapproval:
“I. The consideration of the opposition to this request from the neighboring property owners that the proposed lots would not comply with the surrounding area pertaining to the proposed lot area, size, and character; and
“II. The implied covenants indicate that the intent was to maintain five acre residential lots, and not allow for further subdivision, and that the covenants were intended to run with the land and be binding on to all parties or owners therein [sic].”
After the commission’s denial of the developer’s application, the developer filed his petition for a writ of mandamus. Thereafter, a number of neighboring property owners were granted permission by the trial court to intervene in the action. The trial court conducted a hearing on the petition for mandamus. Several of the neighboring property owners, as well as the original developers of Bell Estates, Hoyt Henley and E.N. Leary, testified. As indicated above, the trial court denied the developer’s petition, and the developer appeals to this court.
We note at the outset that, in an appeal from the trial court’s denial of a petition for a writ of mandamus, this court must indulge all reasonable presumptions favoring the correctness of the judgment appealed from. Huffstutler v. Reese, 510 So.2d 275 (Ala.Civ.App.1987).
Our review of the instant case is further limited by the strong presumption of correctness which attaches to the trial court’s findings when the evidence is presented ore tenus. Where evidence is presented ore tenus, this court will not disturb the lower court’s findings unless there is a clear showing that the findings are plainly and palpably wrong, with no evidence to support them. Pinkston v. Hartley, 511 So.2d 168 (Ala.1987).
The developer raises two issues for consideration in this appeal. First, the developer contends that the commission erred when it considered the existence of implied restrictive covenants.
We note that the express restrictive covenant contained in the original deed from the Oliver Estate expired in 1980. However, the record reflects ample evidence to support a finding that the property is still restricted through the existence of implied covenants.
Our supreme court has stated:
“Where the owner of a tract of land adopts a general scheme for its improvement, dividing it into lots, and conveying these with uniform restrictions as to the purposes for which the lands may be used, such restrictions create equitable *329 easements in favor of the owners of the several lots....
“Whether such restriction creates a right which inures to the benefit of purchasers is a question of intention, and to create such right it must appear from the terms of the grant, or from the surrounding circumstances, that the grant- or intended to create an easement in favor of the purchaser.”
Scheuer v. Britt, 218 Ala. 270, 271, 118 So. 658, 660 (1928), quoting 4 Thompson on Real Property, § 3398 (emphasis in original). See also Hall v. Gulledge, 274 Ala. 105, 145 So.2d 794 (1962). The supreme court has also held that restrictive covenants cannot be impaired by zoning regulations. Allen v. Axford, 285 Ala. 251, 231 So.2d 122 (Ala.1969). Furthermore, the Montgomery Zoning Ordinance, § V.I., provides that zoning regulations shall not lower the restrictions of plats, deeds, or private contracts if they are greater than the provisions of this ordinance.
The developer’s second contention is that the commission erred in its consideration of the stated opinions of neighboring property owners. This court has previously addressed the relevance of the stated opinions of neighboring property owners to commission decisions in Noojin v. Mobile City Planning Comm’n, 480 So.2d 587 (Ala.Civ.App.1985).
In Noojin, this court held that, while the stated opinions of neighboring property owners are entitled to consideration in determining whether to approve proposed subdivision, neighboring property owners do not possess the right to impose, for their own special benefits, restrictions upon the lawful use of a tract of land.
In the case at bar, the commission did consider the stated opinions of neighboring property owners. However, unlike the Noojin ease, the commission here did not premise its denial solely on the stated opinion of neighboring property owners. Here, the testimony of neighboring property owners was but one factor considered by the commission. Other factors before the commission were that the developer’s proposal was out of character with the surrounding neighborhood; that implied restrictive covenants prohibited any resubdivision of the lots in Bell Estates; that the proposed resubdivision was not generally suitable with regard to the neighborhood; and that the original developers’ and purchasers’ intent for the subdivision was for it to maintain five-acre lots with one single-family residence per lot.
We further note that, even if the commission’s consideration of the stated opinions of neighboring property owners and its consideration of implied restrictive covenants were found to be improper, the trial court could still properly hold the commission’s actions to be authorized through the discretion given to the commission through the Montgomery Subdivision Regulations. Section IV.F.1. provides that “[t]he Planning Commission shall not approve the subdivision if it is determined that in the best interest of the public the site is not suitable for development of the kind proposed.” Also, § IV.D.l. provides that “[t]he lot size, width, depth, shape and orientation, and the minimum building setback lines shall be appropriate for the location of the subdivision and for the type of development and use contemplated.”
We have carefully reviewed the record, and in view of the above as well as our limited standard of review, we find that the trial court did not err in denying the writ of mandamus. There is ample evidence in the record supporting the trial court’s conclusion that the commission’s action was in accord with the applicable case law as well as its own regulations. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, J., concurs.
RUSSELL, J., recuses himself.