Petitioner Henry Frazer is the owner of an unimproved five-acre parcel of land located in Montgomery. On February 4, 1988, he submitted for approval to the City Planning Commission a proposed plat of his property that would subdivide it into four lots all in excess of one acre in size. The proposed plat meets or exceeds all applicable requirements of the Commission's zoning ordinances and subdivision regulations, including minimum lot size, use, square footage of residences, and frontage. After a hearing, the Commission rejected Frazer's proposed plat. Thereafter, he filed in the Circuit Court of Montgomery County a petition for writ of mandamus, which the court denied after a hearing. Frazer appealed to the Court of Civil Appeals, 587 So.2d 326 which affirmed the judgment of the trial court. We granted certiorari review, and we now reverse the judgment of the Court of Civil Appeals.
The facts are undisputed. In 1965, Hoyt Henley and Evan Leary purchased 81 acres of land from the Oliver Estate, Inc. The deed from the Oliver Estate, Inc., to Henley *Page 331 
and Leary contained the following language:
 "For a period of fifteen (15) years from the date hereof, the property hereby conveyed shall not be sold or subdivided as parcels of less than five acres each and shall be used exclusively for either agricultural or residential purposes, and no residence shall be erected thereon for occupancy by more than one family, and only one residence shall be erected on each parcel of five acres or more into which said land is subdivided."
In 1967, Henley and Leary subdivided the property and filed a map of Bell Estates Subdivision, Plat No. 1, in Montgomery County. The property contained 15 lots, all of which were at least 5 acres in size. Neither the original restrictions filed with the plat of Bell Estates Subdivision, nor a subsequent amendment to those restrictions, contains any prohibition against resubdivision. Neither the original restrictions nor the subsequent amendment contains any reference to minimum lot sizes.
Henley and Leary began selling lots in Bell Estates Subdivision soon after filing the subdivision plat in 1967. None of the deeds to purchasers of lots in Bell Estates Subdivision contained restrictions relating to lot size. None contained any restrictions prohibiting resubdivision.
Frazer, the petitioner here, purchased Lot 3 in Bell Estates Subdivision in 1984. He personally searched the Montgomery County Probate Court records to determine the applicable plat and deed restrictions relating to the property. He also consulted an attorney, who searched the record and rendered an opinion as to restrictions on the property. Being satisfied that there were no restrictions against resubdivision of the property, Frazer purchased the property. He was not told, and did not know, that Henley and Leary, the developers of Bell Estates Subdivision, had intended to restrict the lot sizes to five acres.
The parties to this litigation are Henry Frazer, the owner of the subject property; the members of the City Planning Commission of the City of Montgomery; and several owners of property in Bell Estates Subdivision who were permitted to intervene. In denying approval of Frazer's proposed plat for resubdivision of his property, the Commission stated the following as its reasons:
 "I. The consideration of the opposition to this request from the neighboring property owners that the proposed lots would not comply with the surrounding area pertaining to the proposed lot area, size, and character; and
 "II. The implied covenants indicate that the intent was to maintain five-acre residential lots, and not allow for further resubdivision, and that the covenants were intended to run with the land and be binding on all parties or owners therein."
All of the parties agree that there are no express restrictions on resubdividing lots in Bell Estates Subdivision. They also agree that the proposed resubdivision proposes lots that meet or exceed the regulations of the City of Montgomery with regard to lot size. In fact Frazer's proposed lot sizes are approximately 50% greater than those permitted by Commission regulations. In addition, Frazer proposes to require a minimum area for residences of 3000 square feet, as opposed to the existing plat restrictions of 2500 square feet per residence. The intervenors admit that there are no express restrictions preventing resubdivision of lots in Bell Estates. They argue, however, that the denial of the approval of Frazer's proposed resubdivision can be upheld on the basis that there is an implied restriction forbidding a resubdivision of the property.
They concede, as they must, and as the Court of Civil Appeals noted, that the express restrictive covenant contained in the original deed from the Oliver Estate expired in 1980. Can this express restriction be extended by implication in perpetuity? We hold that it can not. One hundred and fifty years ago, this Court addressed this issue in Roebuck v. Duprey, 2 Ala. 535
(1841), and held that an express covenant in a deed eliminates all implied covenants inconsistent with it: *Page 332 
 "It cannot be admitted, that there can be no covenants in law, or implied covenants, in a deed which contains express covenants. There may be implied, as well as express covenants in the same deed; but the former can only operate where they are consistent with the latter."
2 Ala. at 541-42.
This is the general rule, so far as we are informed. At 21, C.J.S. Covenants § 4 at 303 (1990), the rule is stated:
 "[A] covenant will not be implied when it appears to have been purposely withheld, or as to a matter, in regard to which the instrument contains an express covenant of a different or contradictory nature, or as to a matter which is specifically covered by the written terms of the contract."
There is a more compelling reason why the five-acre limitation cannot be upheld by implication. Frazer did not purchase the property from the original developers. The developers purchased the property from the Oliver Estate, and the Oliver Estate deed expressly imposed a restriction on lot size that was to expire after 15 years, which was 1980. The developers did not include this restriction in the restrictions filed with the subdivision plat of the property. Even if they intended the restriction to extend beyond 1980, Frazer had no way of knowing that that was their intent. He bought his property in 1984 from persons other than the developers. A title search revealed that there were no restrictions with regard to further subdivision of the property. In Powell onReal Property, Part IV, § 678 (1988), it is stated: "The mutual intent of the original promisor and promisee governs the duration of covenants as to land use."
Frazer was not an original promisor or promisee. There is in this record no evidence that Frazer had actual or constructive notice of the existence of any restriction with regard to lot size at the time he purchased his property. In order for an implied restrictive covenant to be enforced against a purchaser, the evidence must show that he had knowledge of the restriction at the time he purchased the property. Kennedy v.Henley, 293 Ala. 657, 309 So.2d 435 (1975).
This court has frequently held that where a property owner complies with all applicable ordinances and regulations, he may not be denied a legal use of his land merely because adjoining landowners object to that use. Smith v. City of Mobile,374 So.2d 305 (Ala. 1979), is indistinguishable from this case and compels a reversal of the judgment of the Court of Civil Appeals. In that case, Smith proposed to resubdivide a lot located in a residential subdivision into three lots. The Mobile Planning Commission denied the proposal, stating as its reason that "[t]he lots would be out of character with other lots in the area." After two unsuccessful attempts to gain approval of his resubdivision plan, Smith filed in the Circuit Court of Mobile County a petition for a writ of mandamus; as in the present case, adjoining landowners were permitted to intervene. After a hearing, the circuit court denied relief, and Smith appealed. Smith argued that the use of the criteria utilized by the Planning Commission in denying his proposal was not within its grant of authority and was contrary to the Planning Commission's own regulations. In Smith, as in the present case, the proposal met or exceeded the requirements imposed by the city's subdivision regulations. This Court held that neighboring property owners have no right to impose, for their own special benefit, restrictions upon the lawful use of a neighbor's tract of land.
The ownership of land carries with it the right to use the land for any lawful purpose. This does not mean that the city may not legally restrict the use of land. But when it does so, it must clearly apprise landowners of what those restrictions are, and it must adopt standards that can be uniformly applied and that give reasonable notice to the owner of what he must do to comply with those restrictions. Smith, supra.
The Court of Civil Appeals erred in holding that the five-acre lot restrictions applied *Page 333 
to the Frazer property by implication. Accordingly, its judgment is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.