MURDOCK, Judge,
dissenting.
I respectfully dissent from the majority’s reversal of the trial court’s judgment; I would affirm the trial court’s denial of Providence Park’s petition for a writ of mandamus.
A petitioner seeking a writ of mandamus must demonstrate, among other things, “a clear legal right to the relief sought.” Alabama Dep’t of Mental Health & Mental Retardation v. State, 718 So.2d 74, 75 (Ala.Civ.App.1998). This court also has held that “in an appeal from the trial court’s denial of a petition for a writ of mandamus, [we] must indulge all reasonable presumptions favoring the correctness of the judgment appealed from.” Frazer v. Tyson, 587 So.2d 326, 328 (Ala.Civ.App.1990) (affirming decision of city planning commission). In addition, “[o]ur review ... is further limited by the strong presumption of correctness which attaches to the trial court’s findings when the evidence is presented ore tenus,” and “this court will not disturb the lower court’s findings unless there is a clear showing that the findings are plainly and palpably wrong.” Id.
The subdivision regulation that governs this case provides that
“[w]here a residential subdivision adjoins land zoned for or used by ... an industrial area, a commercial area, or other land use which would have a depreciating effect on the residential use of the land, a buffer planting strip or a wooden privacy fence of 6 feet in height may be required by the Planning Commission.”
(Emphasis added.) This regulation sets no maximum or minimum width for the buffer strip. (A separate Mobile zoning ordinance specifies that an owner of land zoned B-3 must provide a buffer zone of “not less than ten (10) feet in width,” but sets no maximum buffer width.[2]) Thus, I interpret the subdivision regulation as allowing the Commission to exercise discretion in setting the width of a buffer strip it determines to be warranted in a given case. The Commission’s exercise of its discretion, done in an administrative capacity, is subject to revision only if its decision was arbitrary, capricious, or not in compliance with applicable law. Ex parte City of Fairhope, 739 So.2d 35, 38 (Ala.1999).
I cannot conclude that the facts of this case compel the conclusion that the Commission’s requirement of a 20-foot buffer *774 (or only 10 feet in addition to the minimum required by the zoning ordinance) was arbitrary, capricious, or outside applicable law. The applicable subdivision regulation clearly provides that the Planning Commission may do what it has done in this case — require such buffer as it reasonably deems necessary to further the regulation’s stated goal of preventing depreciation in value of adjoining residential property. That distinguishes this case from Smith v. City of Mobile, 374 So.2d 305 (Ala.1979), upon which Providence Park and the majority rely.
In Smith, the subdivision ordinance under review stated that the characteristics of lots “shall be appropriate to the location of the subdivision,” but then set forth specific criteria regarding minimum lot size, maximum depth, position of lots in relation to streets, and other characteristics. These criteria were such as to allow for town-house developments like the one proposed, and the lots in Smith fully complied with them. Nonetheless, the surrounding neighborhood was an old one with large lots and abundant shrubbery and trees, and the neighbors objected to the proposed construction of townhouses in their neighborhood. As a result, the planning commission denied the subdivision request altogether, on the ground that it would be “out of character” with the neighborhood.
In striking down the Commission’s decision, our Supreme Court explained in Smith that the planning commission could not use its power “to further goals not designated by [the] statute.” 374 So.2d at 307. The Supreme Court concluded that the planning commission’s denial of approval of the requested subdivision on the ground that it was “out of character” with the neighborhood was “unrelated to its conformance with the Planning Commission’s own regulations and exceeded its statutory grant of power.” The same cannot be said in the present case. To the contrary, in the present case, the Commission is approving the requested subdivision, subject only to a condition that is expressly permitted by this applicable subdivision regulation. The Commission cannot be said to have exceeded its authority, as the municipal body did 'in Smith, because it is authorized by the terms of the regulation to require a buffer strip. It therefore may do so so long as the buffer strip it requires is not arbitrary and is in furtherance of the goal of the regulation.
Expert testimony before the trial court tended to show that commercial development allowed in an area zoned “B-3” (which allows for bars and nightclubs, grocery and department stores, taxicab services, automobile repair, and skating rinks) would cause depreciation in the value of adjacent residential properties such as those located in Providence Estates, which are of substantial value (from $200,000 to $500,000). Other testimony indicated that the Commission has previously required buffer strips of a similar width to protect adjacent residential property from noise, dust, pollution, and light associated with commercial activities, all of which cause adjacent property to depreciate. While Providence Park has a natural incentive to maximize the amount of its property it can market for development, its interests did not necessitate a finding by the trial court that the Commission’s requirement of a buffer strip of 20 feet is arbitrary or capricious such that a writ of mandamus was due to be issued.
In light of the facts in this case and the applicable standards of review, I cannot conclude that the trial court “plainly and palpably” erred in determining that Providence Park had not met its burden of proving the elements required for issuance of a writ of mandamus, including particu *775 larly that of a “clear legal right to the relief sought.”

. The zoning ordinance, while prescribing a minimum 10-foot protective buffer, which may consist of either a wall, a fence, or a screen planting, goes on to add that "[i]f a screen planting is provided as a protection buffer, it shall be at least ten (10) feet in width.” (Emphasis added.)
In addition to the zoning ordinance's added emphasis on the fact that the 10-foot width of a buffer on B-3 zoned property is a minimum, it is equally or more important to note that the buffer contemplated by the zoning ordinance is a "screen planting.” A "screen planting” buffer, for purposes of the ordinance, is one in which the owner must plant materials "in sufficient density and of sufficient height (but in no case less than six (6) feet high at the time of planting) to afford protection to the residents’ district from the glare of lights, from blowing papers, dust and debris, from visual encroachment, and to effectively reduce the transmission of noise.” In contrast, the 20-foot buffer the Planning Commission required of the landowner in the present case was an undeveloped area left in its natural state.