These appeals from summary judgments raise the issue of whether property owners, whose properties were the subject of annexation ordinances of the City of Homewood, are indispensable parties to quo warranto actions seeking to invalidate those ordinances.
There are ten separate summary judgments from which these appeals were taken. The judgments were entered in quo warranto actions filed pursuant to Tit. 7, § 1136, Code 1940 (§ 6-6-591, Code 1975), attacking the validity of ordinances of the City of Homewood annexing parcels of real property of owners who petitioned Homewood to do so pursuant to Tit. 37, § 137 (1), Code 1940 (§ 11-42-21, Code 1975). The actions were filed against the City of Homewood; the owners of the respective parcels of real property annexed to the City of Homewood by the various ordinances under attack were not make parties to the actions.
It is the contention of the City of Homewood that the subject matter of the actions are the properties annexed by the ordinances and thus the owners are indispensable parties to the actions in the absence of which the judgments invalidating the ordinances are prejudicial to them and due to be set aside and held for naught.
The City of Birmingham contends that any claims of the property owners, not parties to these actions, are merely derivative *Page 425 
of Homewood's interests and they do not have a material, legal or beneficial interest in the ordinance by which their respective property was annexed; therefore they are not indispensable parties who must be joined as required by Rule 19 ARCP. Thus Birmingham claims the subject matters of the actions are the ordinances.
It is without dispute that Homewood has a population of more than two thousand. This court would take judicial knowledge of that fact even were it in dispute. City of Hueytown v. JiffyChek Company of Alabama, 342 So.2d 761 (Ala. 1977). There is no dispute that the properties lay within the police jurisdictions of both Birmingham and Homewood at the time the various property owners petitioned Homewood to annex their respective properties and at the time each ordinance of Homewood was adopted annexing each of the properties.
As stated by the trial court in each of its summary judgments: "the determinative issue [as to the validity of the ordinance of annexation] is whether or not the property sought to be annexed lies within the corporate limits or police jurisdiction of any other municipality. State ex rel. City ofBirmingham v. City of Tarrant City, 294 Ala. 304, 315 So.2d 583
(1975)." The trial court then held each Homewood ordinance of annexation defective, therefore null and void. This holding was eminently correct. As this court said in City of Tarrant City, supra:
 "This court is of the opinion that the legislature intended `police jurisdiction' as used in the proviso to be defined by the objective standard of a three-mile (or mile and a half) limit given in Title 37, Section 9 [§ 11-40-10, Code 1975], and that the legislature intended to prohibit this method of annexation when the proposed lands to be annexed are located within the police jurisdiction of another city. This opinion is consonant with the legislative intent to provide a simple and quick method of annexation. This court does not think the legislature intended by the proviso that a city could annex land which lies within the police jurisdiction of another city by obtaining an adjudication that it had historically performed more municipal services or exercised more control in the area than had the other city. This court holds that the legislature intended by the proviso that in cases of overlapping police jurisdictions, as defined geographically, annexations must follow the conventional procedures."
The issue of the property owners being indispensable parties was ruled on by the trial court in an order of 21 March 1977.
"ORDER
 "This action came on to be heard by the Court on Defendant's Fifth Defense of its Answer. This defense raises the issue and contention that the owners of land who petitioned the City of Homewood for annexation are indispensable parties.
 "Upon consideration thereof, the Court is of the opinion that such owners are not indispensable parties in a quo warranto action of this nature. This is a statutory cause of action and the proper parties are designated by such statute. Title 7, Section 1136 [§ 6-6-591, Code 1975], Code of Alabama, 1940, Recompiled 1958. The City of Homewood is the alleged offending party, not the property owners, and relief is sought only against the alleged offender. Section 1136 states specifically as follows:
 "`An action may be brought in the name of the State against the party offending . . .'
 "Under the claim and allegations of the complaint filed here, it is the action of the City complained of and not the property owners.
 It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Defendant's Fifth Defense of its Answer is hereby denied."
Homewood argues that the property owners are indispensable parties because the invalidation of the annexing ordinances affects incidents of their ownership of their respective parcels of real property such as: the tax rates involved; the quality of the *Page 426 
fire and police protection available; the type of governmental structure in operation in the area within which their properties lie; the planning and zoning agencies having jurisdiction over the properties; the various building, plumbing, electrical and fire codes in effect, and the manner of administering and enforcing them, which would affect those properties.
All of those factors may well be of concern to a property owner but the statutory quo warranto proceedings attacking the validity of the Homewood ordinances annexing the real property have no effect on the legal, equitable, or beneficial title to those parcels of real property. This being the case, complete relief of the nature sought, and granted, is accorded absent the property owners as parties. The property owners can claim no proper interest in the subject matter of the litigation and are not so situated that the disposition of the actions in their absence may as a practical matter impair or impede their ability to protect that interest or leave either Homewood or Birmingham subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of any claimed interests of the property owners. Rule 19 (a), ARCP. Indeed, it seems significant that none of the proprty owners whose interests are claimed by Homewood to be so vitally involved sought to intervene in these actions.
In Mead Corp. v. City of Birmingham, 350 So.2d 419 (Ala. 1977), this court held that landowners in an area the subject of annexation by both Birmingham and Homewood were not indispensable parties as defined by Rule 19, ARCP. However, we did hold Homewood to be an indispensable party because of its claim to have annexed a portion of the same territory and an adjudication of that claim (the validity of its ordinances effecting annexation) without it present as a party could result in divergent determinations in the Mead action and in a pending action between Homewood and Birmingham as to which city had validly annexed the same territory. The rationale for our holding in Mead, that only Homewood was an indispensable party, is found in that opinion where it reads:
 "Our decision is not based upon a determination that the landowners of the twice annexed area are indispensable parties. Any inconsistent obligation they might incur are derivative to the annexation claims of the City of Homewood. Homewood's claims being primary, from which the claims of others are dependent, only the City of Homewood is an indispensable party."
That rationale is equally applicable in the cases here before us.
There is no genuine issue of material fact regarding the status of the property owners claimed by Homewood to be indispensable parties to this action. The summary judgments are due to be, and are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.