This is a land use case.
Bert P. Noojin (the developer) sought the approval of the Mobile City Planning Commission (the commission) for a resubdivision of property he owns in the Springhill area of Mobile. He proposed to divide one lot and part of a second lot into three lots and to construct townhouses upon each of the three lots. The townhouse project was named Croydon Place.
The commission denied approval for the resubdivision, and the developer filed a petition in the Mobile County Circuit Court for a writ of mandamus to compel the commission to issue a certificate of approval for Croydon Place. The circuit court denied the petition, and the developer appealed to this court. We reverse and remand.
We note at the outset that our review of the commission's action is limited. The commission's denial of approval for the proposed subdivision should not be invalidated unless it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. City of Mobile v. Waldon, 429 So.2d 945 (Ala. 1983). Because the evidence is so lacking to support the reason given for the denial of approval of Croydon Place, we find that such denial was arbitrary and unreasonable and is due to be reversed.
The developer presented his proposal to the commission at a public meeting on November 1, 1984. At the meeting much opposition to the project was voiced by residents of the Springhill neighborhood in which Croydon Place would be built. A petition in opposition to the project signed by sixty-six of these residents was presented to the commission. *Page 589 
Following the hearing the commission met in executive session and voted to deny approval for Croydon Place. By letter dated November 5, 1984, the commission notified the developer that it had denied approval of his proposed resubdivision "because it was felt the resubdivision would have a downgrading effect on the neighborhood."
After the developer had filed his petition for a writ of mandamus, by letter dated December 6, 1984, the commission sought to "explain" the earlier reason given for denial — the alleged downgrading effect. Therein the commission stated for the first time that the proposed resubdivision would violate or fail to meet four of the purposes of the subdivision regulations of the City of Mobile.
The commission stated with some particularity that Croydon Place violated purposes 2. Health and Safety, 3. Social and Economic Stability, 4. Land Uses, and 7. Environment, which are contained in part C, Section I. General Provisions of the subdivision regulations.
On appeal the developer argues that the criteria used by the commission to deny approval for Croydon Place are invalid and void because they exceed the statutory authority of the commission. He argues that his proposed resubdivision meets all valid requirements of the subdivision regulations and that it must, therefore, be approved. The developer further argues that the criteria used to deny approval for Croydon Place and certain criteria set forth in the subdivision regulations, both on their face and as applied to his project, violate his constitutional rights.
The commission's authority to adopt subdivision regulations is derived from Ala. Code (1975), § 11-52-31. The commission is authorized to adopt regulations "not inconsistent with the statutes." Boulder Corp. v. Vann, 345 So.2d 272, 275 (Ala. 1977). See also Sigler v. City of Mobile, 387 So.2d 813 (Ala. 1980).
The developer argues that, because Ala. Code (1975), §11-52-31, does not specify that a city planning commission's regulations may address such matters as preventing the downgrading of a neighborhood, the reason used by the commission to deny his resubdivision, such a criterion is void as being outside the scope of the commission's statutory authority. While we note that § 11-52-31 does not prohibit a commission from addressing such a matter in its regulations, we also recognize the principle that statutes, such as § 11-52-31, which impose restrictions on the use of private property "are strictly construed and their scope cannot be extended to include limitations not therein included or prescribed." Smithv. City of Mobile, 374 So.2d 305, 307 (Ala. 1979).
We need not resolve the issue of the validity of the reason used by the commission to deny approval for the resubdivision, however, because the evidence presented at the commission's hearing and, subsequently, at the circuit court hearing, does not support that reason. In other words, assuming for purposes of this case that the reason given by the commission for denial — the downgrading effect — is valid, the case is due to be reversed because the evidence does not support the commission's determination that such a downgrading effect would, in fact, occur.
At both the commission and the circuit court hearings, residents from the Springhill area wherein Croydon Place would be located testified vociferously to their opposition to the project. At least two neighbors testified that they believed their privacy would be diminished because persons in the two-story townhouses would be able to look down on their homes and patios, and they felt that the townhouses would affect the value of their homes.
Another neighbor stated, "I don't think there is any question but what a bunch of houses close by is going to devaluate my property. Just the fact that there are more people, more traffic, more animals — more everything — is just going to make it less attractive to be there." The President of the Springhill Preservation Society testified that she believed developers were *Page 590 
threatening the aesthetic integrity of the neighborhood by "indiscriminately chopp[ing] up lots."
While the feelings of these neighbors are certainly entitled to consideration, "`[n]eighboring property owners do not possess the right to impose, for their own special benefit, restrictions upon the lawful use of a tract of land.'" Smith, 374 So.2d at 308 (citing E.C. Yokley, The Law of Subdivisions, § 54 (1963 and Supp. 1979). See also Sigler, 387 So.2d at 814. More importantly, for purposes of this case, the testimony of the neighbors (and the evidence of the commission) did not show that the proposed townhouses would have a tendency to actually lower the value of their property or otherwise downgrade the neighborhood. The neighbors, in effect, testified only that they feared that the townhouses would do so.
The developer, on the other hand, presented an expert witness, a real estate appraiser, who testified that past Springhill resubdivisions had not, in his opinion, lowered the value of surrounding properties and that he would not anticipate that Croydon Place would have any devaluing effect on the surrounding properties.
We should not be understood as saying that an expert witness would always be necessary in a case such as this to testify as to the downgrading effect of a proposed subdivision. We only find that, under the circumstances of this case, there was no credible evidence that the townhouse project would have a devaluing or downgrading effect on the Springhill neighborhood, while there was credible evidence to the contrary. Under such circumstances the denial of approval for Croydon Place based upon its downgrading effect was arbitrary and unreasonable.
We note that a developer must ordinarily demonstrate complete compliance with all requirements in connection with his subdivision plat for a mandamus to issue to compel approval.Smith, 374 So.2d at 309. Here, however, the commission, in denying approval, cited only one reason — the alleged downgrading effect, which is not supported by the evidence. Therefore, mandamus is proper to compel approval. Sigler, 387 So.2d at 814; Smith, 374 So.2d at 309.
The commission would have this court judge the validity of the denial of approval, not just in terms of the reason given in the official denial letter of November 5, 1984, but also in terms of the four purposes of the subdivision regulations which were set forth in the subsequent letter of December 6, 1984. This we cannot do.
Ala. Code (1975), § 11-52-32 requires the commission to either approve or disapprove a subdivision plat within thirty days after the submission to it of the plat. If it disapproves the plat, it must state the ground therefor on its records. The Alabama Supreme Court has ruled that the thirty-day requirement of § 11-52-32 is mandatory. Boulder Corp., 345 So.2d at 275.
The commission's December 6 letter, in which it tried to enumerate certain purposes of the subdivision regulations as further grounds or the "real grounds" for the original denial based upon the alleged downgrading effect, was sent more than thirty days after the developer's resubdivision plat had been submitted to the commission on November 1, 1984. Accordingly, that letter has no effect on the denial originally given by the letter of November 5, and we have not considered the reasons stated in the December 6 letter in determining the validity of the denial in this case.
In view of the above, the developer's claims that the criteria used by the commission violate his constitutional rights on their face and as applied are preempted.
The judgment of the trial court is reversed, and the cause is remanded for the issuance of the writ of mandamus directing the commission to approve the subdivision plat.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 591