ROBERTSON, Presiding Judge.
On August 17, 1992, Southern Region Developers, Inc., (Southern) petitioned the Circuit Court of Mobile County to issue a writ of mandamus ordering the Mobile City Planning Commission (Planning Commission) to issue a certificate of approval for a seven-lot re-subdivision that Southern had proposed. Southern sought the writ after the Planning Commission disapproved Southern’s application for re-subdivision following its regular meeting on August 6, 1992.
On January 13, 1993, following an ore ten-us proceeding, the trial court entered a judgment which stated, in relevant part, as follows:
“The Plaintiff, Southern Region Developers, Inc., applied to the Defendant, Mobile City Planning Commission, for approval of a subdivision, and the Intervenors voiced objections. None of the details of the application or the objections are necessary to this order.
[[Image here]]
“The law of Alabama requires that a denial of a subdivision state valid reasons for the denial and specify any respect in which the subdivision fails to conform to regulations.... The law of Alabama is, further, that, if the Planning Commission denies an application without stating a valid reason for the denial within thirty days following submission of the application, the application is deemed approved. An invalid reason is tantamount to no reason at all. Sigler v. City of Mobile, 387 So.2d 813, 814 (Ala.1980); Code of Alabama 1975, § 11-52-32.
“The denial in this ease makes no adverse finding whatsoever. The denial cites as its reason the mere existence of ‘concerns’ and ‘questions.’ The denial does not state any finding that the subdivision would be detrimental to public safety or that the access would be inadequate. The mere existence of a controversy (consisting, in this case, of the ‘concerns’ and the ‘questions’) is either an invalid reason or no reason at all for denying approval of a subdivision application. Moreover, the Planning Commission did not supply a valid reason at any time within the thirty days following submission of the application allowed by Code [1975,] § 11-52-32.
“Because the Defendant, Mobile City Planning Commission, denied the application without timely stating a valid reason and without specifying any nonconformity with regulations, the application must be deemed approved pursuant to Code § 11-52-32. Accordingly, this court will order that a writ of mandamus issue to the Defendant, Mobile City Planning Commission, and that the writ direct the Planning Commission to issue a certificate of approval for the subdivision sought by the Plaintiff.”
(Emphasis in trial court’s order.)
This order was finalized by a writ of mandamus issued on January 21, 1993, granting Southern’s petition for mandamus and directing the Planning Commission to issue a certificate of approval for the resubdivision sought by Southern.
*741 The Planning Commission appeals from the trial court’s order of mandamus.
The Planning Commission maintains that it provided Southern with valid reasons for denying its application and that it was not obligated to approve Southern’s application merely because the application did not violate an express provision of the subdivision regulations. The Planning Commission argues that where there is sufficient evidence to demonstrate that an application does not conform to other intangible factors in the subdivision regulations, the Planning Commission has authority to deny the application. Such intangible factors, the Planning Commission says, include public safety considerations.
Our supreme court has held that when the trial court hears the evidence without a jury, its findings of fact will not be disturbed on appeal unless those findings are clearly erroneous or manifestly unjust, and this presumption of correctness also accompanies the findings of fact made by the trial court in a mandamus proceeding after an ore tenus proceeding. Florence v. Williams, 439 So.2d 83 (Ala.1983).
After a review of the record evidence, the pertinent part of which is set out in the trial court’s judgment quoted above, we‘ cannot hold that the trial court’s findings were clearly erroneous or manifestly unjust. Instead, the record supports the trial court’s findings, as well as its judgment.
The judgment of the trial court is due to be affirmed.
AFFIRMED. *742 This is a post-divorce case.
*741 THIGPEN and YATES, JJ., concur.