On October 3, 1995, Johnson Realty Company petitioned the Jefferson County Circuit Court to issue a writ of mandamus, ordering the City of Birmingham Planning Commission (Planning Commission) to issue a certificate of approval of the 28-lot subdivision proposed by Johnson. Johnson sought the writ of mandamus after the Planning Commission adopted a resolution at its regular meeting on September 6, 1995, affirming the decision of the Planning Commission's Subdivision Committee, elected pursuant to § 11-52-32(d), Ala. Code 1975. The Subdivision Committee had disapproved Johnson's proposed subdivision request and plat.
Following a hearing on Johnson's summary judgment motion, the trial court issued a writ of mandamus, ordering the Planning Commission to issue a certificate of approval of Johnson's subdivision request and plat. The trial court found that the Subdivision Committee failed to comply with § 11-52-32(a), Ala. Code 1975, in not stating the reasons for its disapproval of Johnson's subdivision request and plat.
The Planning Commission appeals, contending that the trial court erred in issuing a writ of mandamus, ordering it to approve Johnson's subdivision request and plat. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
Mandamus is an extraordinary remedy requiring a showing that there is: " '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' " Ex parte Leigeber, 623 So.2d 1068, 1071
(Ala. 1993) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891
(Ala. 1991)). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Ex parte State Dep't of HumanResources, 674 So.2d 1274 (Ala.Civ.App. 1995).
Section 11-52-32(a), Ala. Code 1975, requires a planning commission to approve or disapprove a plat within 30 days after the submission of the plat. If the planning commission fails to approve or disapprove the plat within 30 days, the plat shall be deemed to have been approved, and a certificate of approval shall be issued upon demand. That section also provides that an applicant for the planning commission's approval may waive the 30-day requirement and consent to an extension of that period. Under § 11-52-32(d), a planning commission of a Class 1 city may elect three to five members of the commission to serve as a committee to approve, or disapprove, in the name of the planning commission any plat submitted to the planning commission. That section further provides, in pertinent part:
 "Such committee shall be governed by all the provisions of this article applicable to municipal planning commissions in regard to the approval or disapproval of any such plat and to all regulations adopted by such planning commission in regard thereto not inconsistent with the provisions of this article. Any plat submitted to such committee shall be considered as if submitted to the commission, and any approval or disapproval of any such plat by such committee shall be as if the same were approved or disapproved by the commission; provided, however, that any party aggrieved by any decision of such committee may within 15 days thereafter appeal therefrom to the full planning commission of such municipality by filing with such commission a written notice of appeal specifying the decision from which the appeal is taken. In the case of such appeal, such committee shall cause a transcript of all papers and documents filed with the committee in connection with the matter involved in the appeal to be certified to the commission to which the appeal is taken and the commission shall, within 45 days from the taking of such appeal, in accordance with such reasonable regulations as it may from time to time adopt, make such investigation as it deems proper and either affirm the decision of such committee or render such decision as in the judgment of such municipal planning commission should have been rendered by such committee."
(Emphasis added.)
A Class 1 city by definition has a population of 300,000 inhabitants or more. *Page 873 
§ 11-40-12, Ala. Code 1975. We take judicial notice that the population of the City of Birmingham is more than 300,000 inhabitants. City of Homewood v. State of Alabama ex rel. Cityof Birmingham, 358 So.2d 424 (Ala. 1978); City of Hueytown v.Jiffy Chek Co. of Alabama, 342 So.2d 761 (Ala. 1977); Meadowsv. City of Birmingham, 582 So.2d 603 (Ala.Crim.App. 1991). Therefore, the City of Birmingham is a Class 1 city, and its planning commission is authorized to elect a committee under §11-52-32(d). It appears that the Subdivision Committee was elected pursuant to § 11-52-32(d).
Johnson appealed to the Planning Commission on August 4, 1995; therefore, the Planning Commission had to affirm the decision of the Subdivision Committee or to render a decision upon the records of the Planning Commission 45 days after August 4, 1995. Sadie v. Tyson, 539 So.2d 1066
(Ala.Civ.App. 1988). Although the Planning Commission orally articulated its reasons for its disapproval of Johnson's plat on September 6, 1995, the Planning Commission did not enter its reasons upon its records until October 10, 1995, some 67 days after Johnson filed its notice of appeal. Consequently, the Planning Commission failed to comply with the 45-day requirement of §11-52-32(d), and Johnson was entitled to the relief it sought.Mobile City Planning Comm'n v. Southern Region Developers,Inc., 628 So.2d 739 (Ala.Civ.App. 1993); Sadie, supra.
Accordingly, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.