775 So.2d 226 (2000)
MOBILE CITY PLANNING COMMISSION
v.
Phillip STANLEY and Kenneth Stewart.
2980828.
Court of Civil Appeals of Alabama.
February 18, 2000.
Rehearing Denied April 14, 2000.
Certiorari Denied July 14, 2000.
*227 John L. Lawler of Finkbohner & Lawler, L.L.C., Mobile, for appellant.
Thomas J. Glidewell of Glidewell & Associates, Mobile, for appellees.
Alabama Supreme Court 1991468.
YATES, Judge.
The Mobile City Planning Commission appeals from a judgment of the circuit court granting a petition by Phillip Stanley and Kenneth Stewart for a writ of mandamus. We affirm.
Atlas Land Company (the owner) and Ty Irby Realty and Development Company (the developer) requested the approval of the Planning Commission for a resubdivision of property in the Pine Hurst subdivision of west Mobile. The proposed resubdivision would have allowed the developer to change six lots from an eastwest orientation to a north-south orientation so as to have the lots face Duncan Avenue on the south and Chandler Street on the north, both of which are improved roads, rather than face a dedicated but undeveloped street, Dickenson Avenue, to the west.
At a meeting of the Planning Commission on March 5, 1998, neighboring property owners Phillip Stanley and Kenneth Stewart, among others, opposed the resubdivision. They claimed that the proposal would diminish the value of their property by increasing traffic, reducing privacy, and causing the six lots to be out of character with the rest of the neighborhood. At the meeting, the Planning Commission relied on misstatements by the developer. Those misstatements were:
"The stretch of Dickenson [Avenue] that is between Chandler [Street] and Duncan [Avenue] is closed, is not an open street. I had talked to the City Engineering Office and they told me they have no plans for opening that street. I had talked to them about the possibility of vacating that and they might keep the existing right-of-way for possible drainage, for future drainage. We are familiar with the recommendations. We have no problem with giving that 5 ft. on Duncan, on Chandler, but we really didn't see the need to give up 5 ft. on Dickenson. If there were plans to open it we wouldn't be doing this for access to lots. Also, the radius, the radius and the 5 ft. on Dickenson we really didn't see the need if the street's not planned to be open."
Besides telling the Planning Commission that he had talked to the city engineer, who stated that there were no plans to open Dickenson Avenue and that the City might use Dickenson Avenue for drainage, the developer also testified that some lots in the subdivision have already been resubdivided *228 to a north-south orientation. However, the exhibit in the record shows only lots oriented east-west. The Planning Commission's brief to this court also states that some of the lots in the subdivision have been resubdivided and now run north to south. However, there is no cite to the record for this statement, nor can we find anything in the record to support it. The Planning Commission approved the request for resubdivision.
Stanley and Stewart filed a petition for a writ of mandamus in the circuit court. At the hearing before the court, the developer testified that the six lots had been on the market for "nearly 10 years"; that the lots had not sold; and that, in his opinion, the lots had failed to sell because they had no access to an open street. At the same hearing, the city engineer testified that Dickenson Avenue is not a closed street and that it was scheduled to be paved in the future. Most of Dickenson Avenue is already paved.[1] The city engineer further stated that he never told the developer that the street was closed and that he did not have the authority to close the street. The engineer stated that he never told the developer that Dickenson Avenue was to be used for drainage.
The circuit court granted the writ, concluding as follows:
"The Court finds that no public health, safety, morals, or general welfare consideration is being served by the order of the Commission. Rather, the Commission has simply chosen to advance the convenience of Atlas at the expense of other owners. This is arbitrary and unreasonable."
Judicial review of a city planning commission's action is limited. Noojin v. Mobile City Planning Comm'n, 480 So.2d 587 (Ala.Civ.App.1985). When a planning commission exercises control over subdivision lands within a municipality it acts in an administrative capacity. Boulder Corp. v. Vann, 345 So.2d 272 (Ala.1977).
"There is no dispute that the proper standard of review in cases based on an administrative agency's decision is whether that decision was arbitrary or capricious or was not made in compliance with applicable law.
"`Our standard of review regarding administrative actions is very limited in scope. We review the circuit court's judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency.'"
Ex parte City of Fairhope, 739 So.2d 35, 38 (Ala.1999), quoting State Dep't of Revenue v. Acker, 636 So.2d 470, 473 (Ala.Civ. App.1994) (citations omitted). A planning commission's decision should not be invalidated "unless it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Noojin, 480 So.2d at 588.
Our concern is that a developer with land that is currently unsalable goes to the Planning Commission with false and misleading information. The Planning Commission rules in the developer's favor. The developer is rewarded for supplying the Planning Commission with misleading information, regardless of whether the developer intentionally misled the Commission or was simply mistaken. Also, whether a street is permanently closed and intended to be used for drainage would appear to be material information that the Planning Commission would need *229 in determining whether to allow resubdivision. Obviously, the Planning Commission relied on the erroneous information indicating that Dickenson Avenue was permanently closed and that the lots as originally platted thus had no access to a street; therefore, its decision was necessarily arbitrary.
Judge Crawley in his dissent appears to confuse the developer's testimony given to the Planning Commission with the city engineer's testimony before the trial court. The Planning Commission heard testimony from the developer indicating that Dickenson Avenue was a closed street and that if Dickenson was an open street, then he would not be before the Planning Commission asking for a resubdivision. We disagree with the dissent's statement that "[t]he record does not support the conclusion that the Planning Commission approved the resubdivision because it assumed that Dickenson Avenue would never be paved or that, without the resubdivision, the property in question would always be landlocked." 775 So.2d at 229. Rather, the information before the Planning Commission indicated that the developer sought resubdivision because Dickenson Avenue was not an open street, i.e., because the property would always be landlocked. Therefore, the only conclusion that is supported by the record of the Planning Commission's meeting is that the Planning Commission based its decision on the developer's misleading testimony.
The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I respectfully dissent, because I do not believe the Planning Commission's decision was clearly arbitrary and unreasonable. Judge Yates's opinion for the court relies on what it considers to be "misleading information" given to the Planning Commission by the developer. It concludes that, in approving the reorientation of the lots, the Commission received erroneous information from the developer indicating that the city engineer had no plans to improve Dickenson Avenue, whereas, in setting aside the approval, the circuit court heard testimony from the city engineer himself, to the effect that Dickenson Avenue was scheduled to be paved eventually. Actually, the city engineer testified that, while the street was "on the master plan for future paving," he had no idea when the plan would be carried out. I do not think the developer's account of the city engineer's statement was necessarily misleading.
The Pinehurst subdivision was platted and Dickenson Avenue was dedicated in 1909. The street has not been paved in 90 years. Perhaps it is splitting semantic hairs, but I do not see much practical difference between the city engineer's having "no plans" to pave a street that has not been improved in 90 years and the city engineer's having the street on a "master plan" for paving with "no idea" when the plan would be carried out.
The record does not support the conclusion that the Planning Commission approved the resubdivision because it assumed that Dickenson Avenue would never be paved or that, without the resubdivision, the property in question would always be landlocked. I do not think we should judge the validity of the Planning Commission's action solely in terms of whether Dickenson Avenue was scheduled to be paved, and, if so, whether the timetable for paving was reasonable. The Commission's decision must be judged in terms of whether it was arbitrary and capricious at the time it was made. In light of the undisputed evidence indicating that the lots in question were currently landlocked and were currently unsalable, with no realistic possibility of a change in the foreseeable future, I would hold that the approval *230 of the resubdivision was not arbitrary and capricious.
NOTES
[1] The only unpaved portion of Dickenson Avenue is the area between Chandler Avenue and Duncan Avenue.