CRAWLEY, Presiding Judge.
Jason Chandler and Sarah Chandler appeal from the trial court’s denial of a peti *1126 tion for a writ of mandamus instructing the City of Vestavia Hills Planning and Zoning Commission (“the Commission”) to grant the Chandlers permission to subdivide their residential lot into two parcels. One of the proposed parcels would be a “flag lot,” which, although not defined by the parties, is evidently a rectangular parcel of land that is accessible only by a long narrow strip of property leading from a main road.[1]
The Commission denied the Chandlers’ subdivision proposal on August 18, 2005. The Chandlers then sued the Commission, requesting that the trial court issue a writ of mandamus instructing the Commission to approve their proposal. The Chandlers alleged that the Commission had a clear legal duty to approve the subdivision of their property because, they alleged, the proposal complied with the Commission’s subdivision and zoning regulations. The trial court denied the Chandlers’ petition for a writ of mandamus on December 6, 2005, and the Chandlers timely appealed to this court.

I. Factual Background

The Chandlers are individual residents of Vestavia Hills, and they reside on, and own, the property at issue in this case. The Commission is a municipal planning commission organized under and pursuant to the provisions of § 11-52-1 et seq., Ala.Code 1975. The Commission’s powers include the power to review and approve subdivision proposals.
The Chandlers proposed to subdivide their property into two residential lots, one of which would be a “flag lot.” Testimony at trial by Laurence Weygand, a civil engineer and surveyor, indicated that the Commission has approved various other flag lots in the past.
The Commission stated in its court filings that it adopted the opinion of its legal counsel as a basis for denying the Chandlers’ subdivision request. That opinion stated in relevant part:
“In my judgment it is the intent of the Vestavia Hills Zoning Ordinance and Subdivision Regulations, when read together, that a front yard is a yard extending the full width of the front of a lot between the front (street) right of way line and the front building line. Therefore, it is my legal opinion that flag lots are not permitted Under the Vestavia Hills Zoning Ordinance and Subdivision Regulations.
“I base my legal opinion upon the following reasons:
“1. Both the Subdivision Regulations and the Zoning Ordinance contemplate that a lot in a subdivision will have four boundaries, including front, rear, side and side. A flag lot would have six boundary lines, including rear, two fronts and three sides.
“2. Article 21 of the Vestavia Hills Zoning Ordinance provides the following definitions:
“ ‘YARD An open space between a building or structure and the adjoining lot lines, unoccupied and unob *1127 structed by any structure from the ground upward.
“‘YARD, FRONT A yard extending across the front of a lot between the side lot lines. On corner lots the front yard shall be considered as parallel to the street upon which the lot has its least dimension.
‘“YARD, REAR A yard extending across the rear of a lot between the side lot lines.
‘“YARD, SIDE A yard between the main building and the side lot line and extending from the required front yard to the required rear yard.’
“3. Article 6, Section 601 of the Zoning Ordinance provides that ‘the Planning and Zoning Commission shall have the authority to approve irregularly shaped lots having a minimum of 40 front footage, but all building line restrictions shall remain in full force and effect on irregularly shaped lots unless otherwise approved by the Planning Commission.’ In my opinion, the Planning and Zoning Commission has the authority to approve 40-foot lots, but is not mandated to do so.
“4. Section 3.15 of the Subdivision Regulations provides ‘every lot shall abut on a public street.’ In my opinion, that means that the entire lot on the front boundary shall abut a public street.
“5. I recognize that the written language of the Subdivision Regulations and Zoning Ordinance does not expressly prohibit flag lots.
“6. I also recognize, however, that the written language of the Subdivision Regulations and the Zoning Ordinance does not expressly permit flag lots.
“7. In my opinion, the intent of the Zoning Ordinance and Subdivision Regulations when read together is for lots in subdivisions to be homogeneous in character. If flag lots were permitted, then in such event there would be no uniformity in subdivisions. Therefore, flag lots were not to be permitted in my judgment.
“8. It is my opinion, based upon the reading of the Subdivision Regulations, together with the Zoning Ordinance, that both intend that the front yard of a lot is a yard extending the full width of the front of the lot between the front (street) right-of-way line and the front building line. Therefore, flag lots are not permitted in my judgment.
“I feel that an ordinance can be drafted that prohibits flag lots.”
The trial court’s judgment stated, in part:
“The Vestavia Hills Planning and Zoning Commission is a municipal planning commission organized under and pursuant to the provisions of Alabama Code § 11-52-1 et seq. (1975) and thereafter exercised its authority in adopting zoning and subdivision regulations. Once a planning commission has properly exercised its authority in drafting ordinances regulating subdivision development, it is bound by such ordinances. Smith v. City of Mobile, 374 So.2d 305 (Ala.1979).
“It should be noted that a review of the Commission’s action is limited. The Commission’s denial of approval for the proposed subdivision should not be invalidated unless it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. City of Mobile v. Waldon, 429 So.2d 945 (Ala.1983). A Developer must ordinarily demonstrate complete compliance with all requirements in connection with his subdivision plat for a Mandamus to issue to compel approval. Smith v. Mobile, supra. Finally, in denying approval, the commission must state the grounds for the denial on its record. Noojin v. Mobile City *1128 Planning Commission, 487 So.2d 587 (Ala.1986).
“On August 18, 2005 the City of Ves-tavia Hills Planning and Zoning Commission denied approval of the [Chandlers’] proposed subdivision and cited as grounds the opinion from the City Attorney, that the proposed subdivision would violate and not conform to the Vestavia Hills zoning ordinance and subdivision regulations. In particular, the opinion of the City Attorney opined that flag lots are not permitted under the subdivision regulations of Vestavia Hills. The [Chandlers’] proposed subdivision would include a flag lot, which according to the City Attorney would not be in conformance of the subdivision regulations.
“Upon consideration of the Petition and Respondent, City of Vestavia Hills Planning and Zoning Commission’s brief in opposition to said Petition and the evidence submitted at the hearing, the Court finds that the action by the City of Vestavia Hills Planning and Zoning Commission in denying the [Chandlers’] request for subdivision approval was based upon the opinion of the City Attorney which cited legitimate reasons to deny the request, which were related to the conformance with the Vestavia Hills subdivision regulation and therefore, the action by the Commission was not clearly arbitrary and unreasonable.”

II. Discussion

On appeal the Chandlers make two arguments: (1) that the Commission’s decision to deny their request to subdivide their property is contrary to the statutory constraints on the Commission’s actions under § 22-52-31, Ala.Code 1975; and (2) that the Commission exceeded the scope of the statutory limitations imposed on the Commission when it failed to give reasons for its denial of the Chandlers’ subdivision proposal as required under § 11-52-31, Ala.Code 1975.
As an initial matter, we note that this case is an appeal from the denial of a petition for a writ of mandamus.
“Mandamus is an extraordinary remedy requiring a showing that there is: ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ Ex parte Leigeber, 623 So.2d 1068, 1071 (Ala.1993) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Ex parte State Dep’t of Human Resources, 674 So.2d 1274 (Ala.Civ.App.1995).”
City of Birmingham Planning Comm’n v. Johnson Realty Co., 688 So.2d 871, 872 (Ala.Civ.App.1997). Furthermore, in an appeal from a trial court’s denial of a petition for a writ of mandamus, this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. Perry v. State Dep’t of Corr., 694 So.2d 24, 25 (Ala.Civ.App.1997).
Additionally, this court must determine whether the trial court’s denial of the petition for a writ of mandamus was an abuse of discretion in light of the standard of review applied to the Commission’s decision. As this court stated in Mobile City Planning Commission v. Stanley, 775 So.2d 226 (Ala.Civ.App.2000), this court— and the trial court — are limited in our review of the decision of a planning commission.
“Judicial review of a city planning commission’s action is limited. Noojin v. Mobile City Planning Comm’n, 480 So.2d 587 (Ala.Civ.App.1985). When a *1129 planning commission exercises control over subdivision lands -within a municipality it acts in an administrative capacity. Boulder Corp. v. Vann, 345 So.2d 272 (Ala.1977).
“ ‘There is no dispute that the proper standard of review in cases based on an administrative agency’s decision is whether that decision was arbitrary or capricious or was not made in compliance with applicable law.
“ ‘ “Our standard of review regarding administrative actions is very limited in scope. We review the circuit court’s judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency.” ’
“Ex parte City of Fairhope, 739 So.2d 35, 38 (Ala.1999), quoting State Dep’t of Revenue v. Acker, 636 So.2d 470, 473 (Ala.Civ.App.1994) (citations omitted). A planning commission’s decision should not be invalidated ‘unless it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.’ Noojin, 480 So.2d at 588.”
Stanley, 775 So.2d at 228.
“ ‘ “A determination ... is not ‘arbitrary’ or ‘unreasonable’ where there is a reasonable justification for its decision or where its determination is founded upon adequate principles or fixed standards. State Department of Pensions and Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978).
“ ‘ “If reasonable minds may well be divided as to the wisdom of [the] administrative board’s actions, or there appears some reasonable basis for the classification made by the board, such action is conclusive and the court will not substitute its judgment for that of the administrative body.” ’
“City of Huntsville v. Smartt, 409 So.2d 1353, 1357-58 (Ala.1982) (quoting Hughes v. Jefferson County Bd. of Educ., 370 So.2d 1034, 1037 (Ala.Civ.App.1979)).”
Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1119 (Ala.2006). “The term ‘arbitrary and capricious’ is a technical legal phrase meaning an administrative action not supported by evidence or lacking a rational basis.” 73A C.J.S. Public Administrative Law and Procedure § 418 (2004) (footnote omitted).
The Chandlers argue that the standard of review of the Commission’s actions is in fact a two-step standard. The Chandlers claim that first this court must review whether the Commission acted within the bounds of its “authority contained in the legislation authorizing it to act, as well as any restrictions contained in its own regulations.” Following this initial review, according to the Chandlers, a court may then proceed to analyze the trial court’s judgment as to whether the decision of the Commission was arbitrary and unreasonable. For these principles the Chandlers cite Smith v. City of Mobile, 374 So.2d 305, 307 (Ala.1979). However, Smith does not stand for such a proposition. In fact, Smith merely states that a planning commission has no discretion to disapprove a subdivision plan that conforms to the existing regulations. Id. Rather than compelling a two-step standard of review, our caselaw implies that when a planning commission does not approve a subdivision plan that conforms to the regulations, the *1130 commission’s actions may be considered “arbitrary and unreasonable.” See Stanley, 775 So.2d at 228 (noting that “ ‘[t]here is no dispute that the proper standard of review in cases based on an administrative agency’s decision is whether that decision was arbitrary or capricious or was not made in compliance with applicable law’ ” (quoting Ex parte City of Fairhope, 739 So.2d 35, 38 (Ala.1999))).
In making their substantive argument, the Chandlers rely primarily upon § 11-52-31, Ala.Code 1975, and Smith v. Mobile, supra. Section 11-52-31, Ala.Code 1975, does not specifically address the issue presented here, and Smith is distinguishable. In Smith, our supreme court reversed a trial court’s judgment affirming the Mobile Planning Commission’s denial of the plaintiffs request to subdivide his real property. Smith, 374 So.2d at 306-07. The Mobile Planning Commission’s decision was based upon the fact that the subdivision plans would be “ ‘out of character with other lots in the area.’ ” Smith, 374 So.2d at 307. The Mobile Planning Commission argued that its decision was authorized by its regulations, and it argued that it had the discretion to deny the proposed subdivision under its enabling statute. Id.
Our supreme court held that it would not construe the Mobile Planning Commission’s regulations as giving that commission discretion to take into account aesthetic factors and to disapprove subdivisions when they are “ ‘out of character with other lots in the area.’ ” 374 So.2d at 309. In essence, our supreme court stated that the Mobile Planning Commission was wrong to deny the approval of the proposed subdivision on the ground that the subdivision was out of character with other lots in the area when that decision was “unrelated to [the subdivision’s] conformance with the [Mobile] Planning Commission’s own regulations and exceeded [the Commission’s] statutory grant of power.” Id.
In this case the trial court was presented with evidence indicating that the Commission did not act arbitrarily or capriciously and that it complied with applicable law. Although it is true that the zoning regulations do not specifically state whether flag lots are permitted, the Commission based its decision on the advice of its legal counsel and a reasonable interpretation of the planning regulations. Those planning regulations indicate that four-sided lots are typical. A flag lot would have at least six sides. Additionally, a “front yard” is defined as “[a] yard extending across the front of a lot between the side lot lines.” The city attorney opined that a flag lot could not meet the definitional requirement of a “front yard” because the front of the lot could not possibly extend across the lot between the side lot lines; that is, one part of the front of the lot would abut the street, and there would be a second front-lot boundary line set back from the street. The city attorney concluded that the entire front boundary of the lot is required to abut a public street.
The Commission’s denial of the requested subdivision can hardly be called “ ‘ “arbitrary or capricious or ... not made in compliance with applicable law,” ’ ” Stanley, 775 So.2d at 228, when the Commission based its denial of the subdivision on an opinion from the city attorney, who stated that the city’s zoning ordinance and subdivision regulations do not allow flag lots. See Green v. Johnson City Reg’l Planning Comm’n, (No. E2003-02509-COA-R3-CV, Sept. 28, 2004) (Tenn.Ct.App.2004) (not reported in S.W.3d), application for permission to appeal denied March 21, 2005 (stating that evidence of a commission’s reliance on the advice of a city attorney was more than adequate evi *1131 dence to support the trial court’s conclusion that the decision of the commission was neither arbitrary nor capricious); see also McKenzie v. City of Ocean Springs, 758 So.2d 1028 (Miss.Ct.App.2000)(holding that the city had not acted arbitrarily and capriciously in granting a building permit when the zoning ordinance expressly permitted the use of the property for the proposed purpose, the city had considered the recommendation of the city attorney, and the use of a water area in front of the property was previously approved for the proposed purpose by another state agency). Furthermore, we can hardly say that the trial court’s denial of the Chandlers’ petition for a writ of mandamus was a clear abuse of its discretion.[2]
The Chandlers’ second argument to this court is that the Commission exceeded the scope of the statutory limitations imposed on the Commission when it failed to give reasons for its denial of the Chandlers’ subdivision proposal. However, that argument is also unavailing to the Chandlers.
Although the Chandlers’ draw a comparison to Mobile City Planning Commission v. Southern Region Developers, Inc., 628 So.2d 739 (Ala.Civ.App.1993), that case is not analogous to the present case. In Mobile City Planning Commission, the trial court granted a petition for a writ of mandamus to the plaintiff landowner who sought to subdivide its property. 628 So.2d at 740. The trial court found that in denying the plaintiff’s request the Mobile Planning Commission had stated no valid reason and had made “ ‘no adverse finding whatsoever.’ ” Id. The only reason the Mobile Planning Commission gave was the existence of “ ‘concerns’ ” and “ ‘questions.’ ” Id. The trial court held that the mere existence of a controversy is either no reason or an invalid reason for denying the approval of a subdivision application. Id. This court stated in that case that “we cannot hold that the trial court’s findings were clearly erroneous or manifestly unjust. Instead, the record supports the trial court’s findings, as well as its judgment.” 628 So.2d at 741.
In the case at hand, the minutes of the Commission’s meeting indicate that, although other (perhaps invalid) grounds were discussed regarding the denial of the proposed subdivision, the denial specifically incorporated the opinion of the city attorney. The city attorney’s opinion provides far more reasons for rejecting the proposed subdivision than the vague “ ‘concerns’ ” or “ ‘questions’ ” in Mobile City Planning Commission, supra. In short, the Commission gave a legitimate reason for the denial of the Chandlers’ proposed subdivision, and it complied with all legal requirements.

III. Conclusion

We affirm the trial court’s denial of the petition for a writ of mandamus ordering the Commission to approve the Chandlers’ subdivision request. The Chandlers have not shown that the Commission’s denial of the Chandlers’ subdivision request was arbitrary or capricious or that it did not comply with applicable law. Additionally, the Commission provided adequate and valid reasons for the denial of the Chandlers’ request.
AFFIRMED.
*1132 PITTMAN, J., concurs.
BRYAN, J., concurs in the result, with writing, which THOMPSON and MURDOCK, JJ., join.

. See, e.g., Bennett v. Zelinsky, 163 Md.App. 292, 294, 878 A.2d 670, 671 (2005) (observing that a flag lot was defined by the City of Annapolis Board of Appeals as "a lot with a narrow width (the flag pole), bordering a street, which widens at the rear (the flag),” and that ”[t]he 'flag' portion of the lot is then behind another lot, the full width of which borders on the same street”), and Tall Trees Constr. Corp. v. Zoning Bd. of Appeals of Huntington, 97 N.Y.2d 86, 89 n. 1, 761 N.E.2d 565, 567 n. 1, 735 N.Y.S.2d 873, 875 n. 1 (2001)(noting that a “flagstaff” lot "is an arrangement of adjacent property where one lot maintains the appearance of an ordinary rectangular parcel and the second parcel is located almost entirely behind the first, with only a narrow strip of land to access the road”).

. Importantly, the Chandlers do not make any argument alleging disparate treatment to this court; in other words, they do not argue that because other flag lots were approved in similar situations the Commission’s treatment of their proposed subdivision is arbitrary. The Chandlers did, perhaps, lay the appropriate foundation for such an argument at the trial-court level by introducing evidence of the Commission’s approval of other flag lots, but the Chandlers do not rely on that evidence to make such an argument in their appeal to this court.