MOORE, Judge.
In appeal number 2160898, the Birmingham Planning Commission ("the planning commission") appeals from a judgment entered by the Jefferson Circuit Court ("the circuit court") issuing a writ of mandamus to the planning commission directing it "to deny the application for the [proposed development of a] subdivision ... filed by the Brook Hill School." In appeal number 2160907, the Altamont School ("Altamont"), formerly known as the Brook Hill School, appeals from the circuit court's order denying its motion to intervene in the mandamus proceedings.
Procedural History
On August 18, 2016, Altamont submitted an application to the planning commission in which it sought approval to combine two lots in the Buckingham Place subdivision with one lot in the Clairmont Addition to Forest Park Sector Two subdivision to create "Buckingham Place Plat No. 2" ("the proposed subdivision"). On September 16, 2016, the planning commission's "subdivision committee"[1] approved Altamont's application for the proposed subdivision, subject to certain conditions. On September 27, 2016, Andrew Laird, Charles Cleveland, and Dr. Peter Hendricks ("the neighboring property owners"), all of whom own property in the Clairmont Addition to Forest Park Sector Two subdivision, filed a notice of appeal to the planning commission, pursuant to Section 3.11 of the Subdivision Regulations of the City of Birmingham ("the subdivision regulations") and *884 § 11-52-32(d), Ala. Code 1975. After a hearing on November 6, 2016, the planning commission orally granted the application for the proposed subdivision.[2]
On November 11, 2016, the neighboring property owners filed a petition in the circuit court requesting the court to issue a writ of mandamus to the planning commission directing it to deny Altamont's application for the proposed subdivision. The neighboring property owners attached documents in support of their mandamus petition. On December 6, 2016, the circuit court set the matter for a hearing to be held on January 5, 2017. On December 30, 2016, the planning commission filed a response to the mandamus petition; it did not submit any documents in support of its response. That same day, the planning commission filed a motion to continue the January 5 hearing, asserting that it had "submitted an hour and a half long recording of [the subdivision committee's] September 14, 2016, meeting ... to be transcribed" and that a continuance was necessary in order to have the transcription completed before the hearing; the circuit court granted that motion.
On January 17, 2017, Altamont filed a motion to intervene in the action. On April 6, 2017, the neighboring property owners filed an objection to the motion to intervene. After a hearing, the circuit court entered an order on May 4, 2017, denying Altamont's motion to intervene. On May 8, 2017, the circuit court entered a judgment concluding that the planning commission had not complied with Section 3.12 of the subdivision regulations because "factual evidence provided to the Subdivision Committee or Planning Commission does not support the criteria established by the regulations." Specifically, the circuit court concluded, in pertinent part:
"The record attached to the Petition for Writ of Mandamus is void of factual evidence presented by the subdivider confirming the suitability of lands for the proposed consolidation. The evidence presented by the [neighboring property owners] demonstrates the adverse effects to the general welfare of surrounding subdivisions. This Court has been unable to locate in the record where the Subdivision Committee or the Planning Commission considered the reclassification of land, the consistency of land use, the detriment, if any, to adjacent property owners and the public, and the character of uses of adjacent property owners."
The circuit court granted the mandamus petition and issued a writ directing the planning commission to deny Altamont's application for the proposed subdivision.
On May 12, 2017, the planning commission and Altamont filed separate postjudgment motions. On May 22, 2017, the planning commission filed a supplement to its postjudgment motion, attaching the transcript of the hearing held before the planning commission's subdivision committee on September 14, 2016; that transcript indicated that it had been transcribed on May 15, 2017. On June 8, 2017, the neighboring property owners filed a response to the postjudgment motion and supplement thereto filed by the planning commission and moved to strike the transcript attached to the supplement. On June 22, 2017, the circuit court granted the motion to strike and denied the postjudgment motions filed by the planning commission and Altamont. On August 3, 2017, the planning commission and Altamont filed separate *885 notices of appeal; this court consolidated the appeals, ex mero motu.
Discussion
Appeal No. 2160898
On appeal, the planning commission argues that the circuit court erred in granting the petition for the writ of mandamus filed by the neighboring property owners because, it says, the planning commission's decision was not arbitrary and capricious.
" 'Mandamus is an extraordinary remedy requiring a showing that there is: " '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' " Ex parte Leigeber, 623 So.2d 1068, 1071 (Ala. 1993) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991) ). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Ex parte State Dep't of Human Resources, 674 So.2d 1274 (Ala. Civ. App. 1995).'
" City of Birmingham Planning Comm'n v. Johnson Realty Co., 688 So.2d 871, 872 (Ala. Civ. App. 1997). ...
"... As this court stated in Mobile City Planning Commission v. Stanley, 775 So.2d 226 (Ala. Civ. App. 2000), this court-and the [circuit] court-are limited in our review of the decision of a planning commission.
" 'Judicial review of a city planning commission's action is limited. Noojin v. Mobile City Planning Comm'n, 480 So.2d 587 (Ala. Civ. App. 1985). When a planning commission exercises control over subdivision lands within a municipality it acts in an administrative capacity. Boulder Corp. v. Vann, 345 So.2d 272 (Ala. 1977).
" ' "There is no dispute that the proper standard of review in cases based on an administrative agency's decision is whether that decision was arbitrary or capricious or was not made in compliance with applicable law.
" ' " 'Our standard of review regarding administrative actions is very limited in scope. We review the circuit court's judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency.' "
" ' Ex parte City of Fairhope, 739 So.2d 35, 38 (Ala. 1999), quoting State Dep't of Revenue v. Acker, 636 So.2d 470, 473 (Ala. Civ. App. 1994) (citations omitted). ...'
" Stanley, 775 So.2d at 228."
Chandler v. City of Vestavia Hills Planning & Zoning Comm'n, 959 So.2d 1124, 1128-29 (Ala. Civ. App. 2006).
"Once a planning commission has properly exercised its authority in drafting ordinances regulating subdivision development, it is bound by those ordinances." Smith v. City of Mobile, 374 So.2d 305, 307 (Ala. 1979). See also Boulder Corp. v. Vann, 345 So.2d 272, 275 (Ala. 1977) ; and Chandler v. City of Vestavia Hills Planning & Zoning Comm'n, 959 So.2d at 1127.
Section 3.12 of the subdivision regulations[3] provides, in pertinent part:
*886 "All decisions of the Subdivision Committee concerning proposed subdivisions must be based on factual evidence presented by the subdivider confirming the suitability of particular lands for proposed buildings, construction, access, type and intensity of development or other uses. No new lots shall be created which pose hazards to health, safety or the general welfare, or are not designed in character with existing surrounding subdivisions, or which are not developable or usable for some public purpose or private activities in accord with all applicable zoning provisions."
Section 11-52-32(d) provides, in pertinent part, that, "[i]n the case of an appeal, the [subdivision] committee shall cause a transcript of all papers and documents filed with the committee in connection with the matter involved in the appeal to be certified to the municipal planning commission to which the appeal is taken." Additionally, subsection H of Section 3.11 of the subdivision regulations provides, in pertinent part:
"[I]n appeal cases, [the planning commission's] review shall be limited to evaluation of the evidence submitted on the record, unless it determines by an affirmative vote of twelve (12) members that additional facts may have relevance to the decision, whereupon the case shall be tried ab initio, allowing presentation of new evidence."
In the present case, there is nothing in the record before this court to indicate that the planning commission voted to try the case ab initio. Therefore, we must determine if the planning commission had before it the record of the meeting held before the subdivision committee concerning this matter ("the subdivision committee meeting") and, if it did, whether that record contains the requisite evidence as set forth in Section 3.12 of the subdivision regulations.
As previously noted, the transcript of the subdivision committee's meeting indicates that it was transcribed from an audio recording on May 15, 2017, months after the planning commission had affirmed the decision of the subdivision committee. The planning commission has not argued to this court, or cited to a place in the record before it showing, that it had the benefit of reviewing the transcript of, or listening to the audio recording from, the subdivision committee's meeting; indeed, the planning commission refers to the transcript as "newly acquired evidence" and "newly discovered evidence" in its brief to this court. Planning Commission's brief at pp. 16-19.
Based on the foregoing, we conclude that because the planning commission did not consider the transcript of, or the audio recording from, the subdivision committee's meeting in determining whether to approve the application for the proposed subdivision, it did not review the record from the subdivision committee's meeting as required by Section 3.11 of the subdivision regulations. Moreover, the record before this court is devoid of any showing that the evidence required in Section 3.12 of the subdivision regulations was included in the record that the planning commission was tasked with reviewing pursuant to Section 3.11. Because the planning commission did not review the record from the subdivision committee's meeting and the planning commission did not have before it the evidence required by its own regulations, we conclude that the planning commission's action in approving the proposed subdivision was done in a procedural manner inconsistent with its own regulations. As we previously recognized: "Once a planning commission has properly exercised its authority in drafting ordinances regulating *887 subdivision development, it is bound by those ordinances." Smith, 374 So.2d at 307. Based on the foregoing, we conclude that the circuit court did not err in issuing the writ of mandamus to the planning commission.
The planning commission also argues that the circuit court erred by denying its postjudgment motion and by striking the transcript of the subdivision committee's meeting. It argues that it should have been permitted to show the existence of factual support for the planning commission's decision and to counter alleged misstatements by the neighboring property owners as to what had occurred at that meeting. In support of its argument, the planning commission cites § 12-13-11(a)(1), (2), and (7), Ala. Code 1975, which provide:
"(a) On motion filed within 30 days from entry of judgment, a new trial may be granted for the following grounds:
"(1) Irregularity in the proceedings of the court, jury or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial.
"(2) Misconduct of the jury or prevailing party.
"....
"(7) Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."
"The determination of whether to grant or deny a new trial is for the trial judge, and an order granting or denying a motion for new trial on the basis of newly discovered evidence will not be disturbed on appeal, unless it appears that the trial court abused its discretion." Talley v. Kellogg Co., 546 So.2d 385, 388 (Ala. 1989). In this case, the planning commission sought a continuance to procure the transcript of the subdivision committee's meeting. Although the motion for a continuance was granted, the planning commission still failed to submit that transcript to the circuit court before the court entered its judgment. Moreover, as discussed previously, the planning commission has not shown that it considered the transcript of the subdivision committee's meeting in determining whether to approve the application for the proposed subdivision. Based on the foregoing, we cannot conclude that the circuit court exceeded its discretion in declining to accept the transcript of the subdivision committee's meeting. Accordingly, we affirm the circuit court's order denying the planning commission's postjudgment motion and granting the neighboring property owners' motion to strike the transcript.
Appeal No. 2160907
On appeal, Altamont argues that the circuit court erred in denying its motion to intervene. It argues that, if it had been allowed to intervene, it would have submitted the transcript of the subdivision committee's meeting as well as reports of engineers. As noted previously, however, the transcript of the subdivision committee's meeting was not transcribed and made a part of the record before the planning commission on appeal, so the planning commission could not have based its decision on that transcript. Furthermore, Altamont does not argue that any of the reports from engineers were made a part of the record on appeal to the planning commission. We have already concluded that the planning commission's decision was not in compliance with its own regulations because it did not review the record from the subdivision committee's meeting and because the record before the planning commission did not include the evidence required by its own regulations. Because Altamont does not argue that any of the evidence it sought to submit was part *888 of the record in the appeal to the planning commission, we conclude that any error in denying Altamont's motion to intervene was harmless. Rule 45, Ala. R. App. P. Therefore, we affirm the circuit court's order denying Altamont's motion to intervene.
2160898-AFFIRMED.
2160907-AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

The "subdivision committee" is a committee that is composed of five members of the planning commission and whose duties include, among others, "hear[ing] and decid[ing] upon applications for subdivisions of land. See Section 2.2, Subdivision Regulations of the City of Birmingham (defining "subdivision committee" as "[a] committee composed of five (5) members of the [p]lanning [c]ommission authorized to hear and decide upon applications for subdivision of land, and to advise the chief legislative body of the City [of Birmingham] on vacation of public land and new right-of-way dedications, all such actions to be taken on behalf of the [p]lanning [c]ommission"); and § 11-52-32(d), Ala. Code 1975 ("The municipal planning commission of any Class 1 city may elect no fewer than three and no more than five persons who are members of the municipal planning commission to serve while members thereof and at the pleasure of the municipal planning commission as a committee to approve or disapprove in the name of the municipal planning commission any plat presented to the municipal planning commission." (footnote omitted) ).
The Subdivision Regulations of the City of Birmingham are authorized pursuant to § 11-52-31, Ala. Code 1975. Additionally, we note that " 'Birmingham is a Class 1 municipality, as defined in § 11-40-12, Ala. Code 1975, because its population was more than 300,000 inhabitants as certified by the 1970 federal decennial census.' Biggs v. City of Birmingham, 91 So.3d 708, 711 n.2 (Ala. Civ. App. 2012)." Atlantis Entm't Grp., LLC v. City of Birmingham, 231 So.3d 332, 340 n.2 (Ala. Civ. App. 2017).

Although the record before this court does not contain a written order approving the proposed subdivision, § 11-52-32(a), Ala. Code 1975, provides that "the municipal planning commission shall approve or disapprove a plat within 30 days after the submission thereof to it; otherwise, the plat shall be deemed to have been approved."

Because Birmingham is a Class I municipality, see note 1, supra, this court may take judicial notice of its municipal regulations. See § 11-45-11, Ala. Code 1975.